STURGIS, Judge.
The appellants, plaintiffs below, seek reversal of a final judgment for defendant- *762 appellee that was entered in a negligence action pursuant to a directed verdict.
On a former appearance of this case before this court (Hale v. Adams, Fla.App., 117 So.2d 524) we reversed a final judgment for defendant that was entered pursuant to the granting of defendant’s motion to finally dismiss the second count of the complaint, and remanded the cause for proceedings consistent with our opinion wherein we held, inter alia, that “simple” or “ordinary” negligence, rather than “gross” negligence, was the degree of negligence necessary to be established in order to entitle plaintiffs to recover under the facts alleged by the count in question. Thereafter the defendant filed the following sole defense: “The defendant denies the alleged negligence and the alleged consequences thereof.”
Plaintiffs did not undertake to have the complaint amended to comport with our prior decision until the case had been called for trial and the jury impaneled. In the course of defendant’s examination of the jury on the voir dire, questions were asked clearly indicating that defendant was proceeding on the theory that in order to recover it was necessary for plaintiffs to establish gross negligence on defendant’s part. After the jury was impaneled the plaintiffs sought by appropriate motion to remove from the complaint all allegations charging “gross” negligence, so that the issues might be tried with simple negligence on the part of defendant as constituting the burden of proof to be maintained by plaintiffs. At that point the following colloquy occurred:
By Mr. Brannon (attorney for defendant) :
“We don’t think there is any substance to his motion.”
By the Court:
“I am thinking something about where we are going to be left if the motion should be granted. If it is granted, there will need to be, I expect, an opportunity given to the Defendant to file such other pleadings as might be desired. Now, there has been used in this case, in the pleadings of the Plaintiffs, all the way through, as I understand it now, the matter of gross negligence has been charged all the way through. It is charged now in the Amended Complaint and it goes on to say, ‘and by the gross negligence set forth in the Complaint, the Plaintiffs sue the Defendant.’ To my notion, this would be changing the pleadings vitally and materially so I don’t believe under the circumstances that as I understand it — is there an objection made to the granting of the motion ?”
By Mr. Hodges (attorney for plaintiffs)
“The Amended Complaint was filed prior to appeal, the District Court of Appeal, by its opinion, is not (sic) the law of the case and it held that simple negligence was the only thing necessary for the Plaintiffs to prove. That the Answer was filed after the mandate and opinion of the District Court of Appeal, so the Defendant had notice of the construction placed upon the pleadings at the time the Answer was filed.”
By the Court:
“There has never been any desire on the part of the Plaintiffs to strike out that negligence.”
By Mr. Brannon:
“If counsel wants to abandon his present Complaint and wants to file a Complaint charging simple negligence, we have no objection if the Court will continue this case for this term so that we will be able to prepare our proper defense to that Complaint and get it ready for trial for the February term, but I think the Plaintiffs ought to have to pay the expense the Defendant has been to. If he wants to abandon this Complaint and in place of it file a Complaint of simple negligence, if the Court *763 will continue this case for this term and give us plenty of time to prepare the proper pleadings, I don’t think we would have any objection.”
By Mr. Hodges:
“This Complaint was amended by Order of the District Court of Appeal, it was clearly set forth what was necessary to be proved, if I had sought to amend this Complaint at that time, I would have been faced with another appeal and counsel for Defendant is trying to prejudice the case of the Plaintiffs by placing the plaintiffs in a position to take another appeal.”
By the Court:
“The motion is over ruled, I won’t grant this motion. * * * ”
Defendant’s motion for a directed verdict, made at the close of plaintiffs’ evidence in chief, was based on the ground that plaintiffs failed to make out a prima facie case establishing gross negligence on the part of the defendant. The court in a discussion with plaintiffs’ counsel following the order granting defendant’s motion, observed, “I am granting the motion because the facts and testimony do not show gross negligence.”
Although otherwise stated by appellants, the critical point on this appeal is whether or not the trial court erred in denying plaintiffs’ above mentioned motion, the purpose of which was to eliminate from the complaint the implication that in order to recover it was incumbent on plaintiffs to establish gross negligence on the part of the defendant. As plaintiffs’ motion was strictly in accordance with the law of the case established by the previous appeal, it was error to deny it.
By denying plaintiffs’ motion, the trial court imposed on plaintiffs the burden of establishing gross negligence as a predicate for recovery, which is contrary to the law of the case as pronounced by our prior decision. While it is evident that the plaintiffs, in the exercise of diligence, would have been well advised to take more timely steps by which to put the pleadings semantically in line with our prior decision, and recognizing the broad discretion vested in the trial court to control the procedure at the trial, considering the defense interposed by the defendant and the fact that long prior to the trial defendant was advised of the law of the case whereby proof of simple negligence was sufficient to recovery, we can conceive of no disadvantage that might have resulted to the defendant had the court granted plaintiffs’ subject motion. The error in failing to do so permeated the trial.
In view of our foregoing conclusions, we find it unnecessary to discuss other assignments of error argued on this appeal.
The judgment is reversed and the cause is remanded for a new trial and proceedings consistent herewith.
RAWLS, J., concurs and CARROLL, DONALD K., C. J., specially concurring.