STURGIS, Judge.
This is the third appearance of this negligence action before this court. We now entertain the following question certified for *166 instruction pursuant to Florida Appellate Rule 4.6, 31 F.S.A.:
“WHETHER OR NOT IT IS NECESSARY FOR DAISY HALE [WIFE OF HER CO-PLAINTIFF, LEE R. HALE] TO MAKE OUT A CASE OF GROSS NEGLIGENCE AGAINST THE DEFENDANT?”
The order certifying the question was entered at the request of Mrs. Hale, at which time there was pending a motion of the defendant, Olvalene H. Adams, to dismiss the amended first count of the complaint for failure to state a cause of action. See footnote 1.
The order certifying the question recites the fact that said count “alleges that the plaintiff, Daisy Hale, was a passenger in the automobile at the time of the accident,” and expresses the opinion of the trial judge that it “does not allege sufficient facts which would remove the said plaintiff from the provisions of the Florida Guest Statute, 320.-59 F.S.A.”; and further, that on the basis of our former decisions in this cause, to which we will allude, plaintiff Daisy Hale must allege and prove facts which would remove her from the operation of the Guest Statute in order to recover upon proof of mere simple or ordinary negligence. The stated propositions are sound.
Considering the certified question in the light of the allegations contained in the first count of the amended complaint,[1] the trial court is instructed that in order for plaintiff Daisy Hale to remove herself from the provisions of the Florida Guest Statute, F.S.A. § 320.59, F.S.A., it is necessary that she make out by the allegations of the complaint a case of gross negligence against the defendant. It is because co-plaintiff Lee R. Hale, her husband, occupies a separate and distinct relation to the defendant — that of principal in which the defendant is agent —that he is amenable to the different rule of law governing the degree of proof necessary to be established by him in this case as a basis for recovery on his claim under the second count of the complaint.
On the first appearance of this cause we dealt exclusively with the sufficiency of a count of the complaint relating to the claim of plaintiff Lee R. Hale and stated the degree of negligence necessary to be established by him in order to recover under the facts alleged by that count. See Hale v. Adams, Fla.App., 117 So.2d 524.
On the second appeal (Hale v. Adams, Fla.App., 138 So.2d 761), which was to review the trial court’s denial of plaintiffs’ motion to amend the complaint by striking all allegations thereof charging gross negligence, we rendered an opinion of reversal *167 which contains language to the effect that the trial court was in error in denying said motion as it related to both the counts, one of which stated the claim of Lee R. Hale and the other the claim of his wife, Daisy Hale. However, other language in said decision is susceptible of the inference that its directive was applicable only to the count setting forth the claim of plaintiff Lee R. Hale. By the order certifying the within question for instruction, it appears that the trial court placed the latter construction thereon; and such was intended, notwithstanding the careless language employed by the author of the opinion and inadvertently adopted by the other members of the panel of judges on that appeal. To the extent, therefore, that our decision in Case No. C-277 (Hale v. Adams, Fla.App., 138 So.2d 761) may be or appears to be in conflict with the rule announced herein as to the claim of Daisy Hale, we specifically recede therefrom and instruct the court to proceed in accordance with the conclusions expressed herein.
WIGGINTON, Acting C. J., and RAWLS, J., concur.

. First Count of Third Amended Complaint:
“1. At all times involved herein, the plaintiffs were and are citizens of the State of Kentucky, and the defendant was and is a citizen and resident of the State of Michigan, and a non-resident of the State of Florida.
“2. On March 5, 1957, in Hamilton County, Florida, the plaintiffs, Lee R. Hale and his wife, Daisy Hale, were passengers in the automobile of the plaintiff, Lee R. Hale, which was being operated upon State Road 100, by Olvalene H. Adams, in an easterly direction, at the intersection of State Road 100 with State Road 25.
“3. At said time and place, the defendant, Olvalene H. Adams, drove the said automobile onto State Road 25, a busy arterial highway, without stopping when commanded to do so by an appropriate stop sign and failed to look for oncoming traffic along said State Road 25 and proceeded to drive said automobile onto State Road 25 and thereby caused said automobile to collide with another motor vehicle, and thereby the plaintiffs who were then and there riding in said automobile as passengers, were injured as hereinafter set forth. Said collision was thus caused -by the negligence of the defendant, which said negligence was the proximate cause of said injuries.
“4. As a direct result of the aforesaid negligence of the defendant, Olvalene H. Adams, in causing said collision, the plaintiff, Daisy Hale, was thrown about in the vehicle in which she was riding and was severely and permanently injured, causing her to suffer great pain and anguish for a long period of time and disabling her from performing her usual duties. * * ♦ ”