WARREN E. BURNS, as Guardian ad Litem of EUGENE BURNS, an Infant, et al., Respondents, *v.* GARY WHEELER, Appellant.

Third Department, October 31, 1962.

*Chernin & Gold* (*Bruno Colapietro* of counsel), for appellant.

*Kramer, Wales & Robinson* (*Richard S. Ringwood* of counsel), for respondents.

GIBSON, J. Appeal is taken from an order which denied defendant's motion for summary judgment in a negligence action.

Plaintiff, aged 14, was injured when an automobile in which he was riding, operated by defendant, aged 16, upon a city street at a speed of from 20 to 25 miles per hour, according to plaintiff, or from 10 to 20, according to defendant, skidded on ice or hard-packed snow as it turned at a street intersection, and struck a tree off the left side of the street. Plaintiff had seen defendant drive cars on numerous occasions within the confines of a gasoline station lot, had heard of one occasion (denied by defendant) on which defendant had driven on a highway and " thought " that defendant had a learner's permit, although actually he had not. Defendant asserts that upon the motion he sufficiently established his defense that the accident was " the result of the defendant's inexperience, and lack of skill in operating the motor vehicle in question, the risk of which was voluntarily and knowingly assumed by the plaintiffs ", and that he should have had summary judgment. Defendant cites *Spellman* v. *Spellman* (285 App. Div. 858, affd. 309 N. Y. 663) and *Le Fleur* v. *Vergilia* (280 App. Div. 1035), in each of which the issue of assumption of risk was held to be for the jury, and *Aloisio* v. *Nelson* (27 Misc 2d 343), in which summary judgment was granted; each of these cases involving a plaintiff, who held an operator's license, injured while accompanying a defendant, the holder of a learner's permit, for the purpose of instructing the defendant. Defendant also relies on *St. Denis* v. *Skidmore* (14 A D 2d 981) in which we held that the motion for nonsuit should have been granted. There the plaintiff was a licensed operator, accompanying, but not instructing, the defendant, who held a learner's permit; and we said: " The undisputed evidence is that the defendant Skidmore simply lost control of the car as she yanked the wheel too sharply. The evidence points conclusively to the fact that the accident occurred solely as a result of the driver's lack of skill and experience. There is not a whit of evidence to the contrary. Under such circumstances the plaintiff assumed the risk and may not recover ". In this case, however, the preliminary evidence does not necessarily demonstrate lack of experience to have been the sole cause of the accident, to the exclusion of negligence such as might be imputed to an adult operator of some experience. Upon the record thus far developed both factors could exist or a trier of the facts might justifiably assign causation to one or to the other. Thus, for example, it appears — or so it could be found — that defend-

ant knew how to operate a car in a skid and yet, on the other hand, drove while the windshield remained cloudy because he did not know how to operate the defroster.

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.