GLADYS HOLLAND *vs.* MARY PITOCCHELLI.

MILTON HOLLAND *vs.* SAME.

Essex.    October 4, 5, 1937. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Assumption of risk, Motor vehicle.

A woman who had had extended experience in riding in automobiles and one lesson in driving, properly might be found negligent if, while receiving a driving lesson, she started to drive off the road and, when her teacher applied the emergency brake, unintentionally stepped on the accelerator causing the automobile to continue off the road and tip over; and a finding was not required that her teacher had assumed the risk of injuries then received.

TWO ACTIONS OF TORT. Writs in the District Court of Lawrence dated June 27, 1935.

Upon removal to the Superior Court, the actions were heard by *Donnelly*, J., who found for the plaintiffs in the sums, respectively, of $570 and $83.25. The defendant alleged exceptions.

*W. W. Jump*, for the defendant.

*M. J. Batal*, for the plaintiffs.

RUGG, C.J. These are actions of tort arising out of an automobile accident. The defendant was operating an automobile owned by her husband. The plaintiff Gladys Holland was on the front seat of the automobile and re-

ceived personal injuries. Milton Holland is her husband and seeks to recover consequential damages. In the declarations there are allegations of negligence of the defendant and in the action of Gladys Holland there is a second count alleging gross negligence. The answer of the defendant in each case contained a general denial and a plea of contributory negligence on the part of the plaintiff. The actions were referred to an auditor whose findings of fact were not final. The plaintiffs reserved the right to introduce further evidence under Rule 88 of the Superior Court (1932). The finding of the auditor was for the defendant in each case. The accident occurred on a country road in Methuen shortly after three o'clock on an August afternoon in 1934, when the "weather was fine and the road dry." The findings of the auditor in the case of the female plaintiff were these, in substance: The plaintiff and the defendant were good friends and neighbors. The husband of the defendant owned an automobile and was himself a driver, but his wife had not learned to drive. The husband of the defendant requested the plaintiff to teach his wife to drive, in which request the defendant joined. The plaintiff undertook to do so. The husband of the defendant furnished the automobile for this purpose. The two women started out for the instructions and drove about on the roads near their homes, the plaintiff driving at times and then turning the wheel over to the defendant with instructions as to the driving and control of the automobile. On the request and advice of the husband of the defendant they kept off the much-travelled highways. At the corner of two streets, the defendant driving and the plaintiff, the instructor, sitting beside her, the automobile was turned to the left under the guidance and direction of the plaintiff. After making the turn and a few feet from the corner, the defendant drove too far to the left, went off the road into a depression and over a grass-grown field for a distance of eighty feet, and before the automobile could be stopped it tipped over. When the automobile was too far to the left and was running off the road into the field, the plaintiff seized the emergency brake.

applied it and in this way tried to stop the automobile. At that time, by mistake and unintentionally, the defendant, the driver, put her foot on the accelerator, which overcame the resistance of the brake and the automobile went on into the field and tipped over. The plaintiff was painfully and seriously injured. The plaintiff was an experienced driver, and a competent person with caution and good judgment. If the defendant had been an experienced driver, her driving would have been negligent, but she was not an experienced driver, as the plaintiff well knew. There was a risk of the happening of various things which would be inconsistent with due care on the part of a driver of experience. The auditor found also that "under the conditions the accident was not due to the negligence of the defendant, but was caused by unskilful driving of the automobile by the defendant due to inexperience alone, the risk of which was assumed by the plaintiff." The finding was for the defendant on the ground that there was no negligence by the defendant, and on the ground that the plaintiff assumed the risk. The auditor made substantially the same findings in the action of Milton Holland against the defendant.

The cases were tried by a judge of the Superior Court sitting without a jury. In addition to the reports of the auditor, further evidence was introduced to the effect, as stated in the exceptions, that the defendant received a lesson in driving an "automobile from her husband about a year prior to the date the accident occurred, and that time she drove very well and that the lesson in driving lasted for about an hour. That she had ridden thousands of miles in an automobile and was in an automobile practically daily. That she observed the acts of her husband while driving and saw him use the brake, clutch, gas pedal, and emergency brake, and she was somewhat familiar with the purposes of them; and that she knew if she put her foot on the gas instead of the brake, that the car would get out of control. That on the day of the accident, and while being instructed by the plaintiff, she turned two corners pretty good, and the only difficulty she had was more or less in shifting the gear levers; and that she was not ex-

cited at the time she was being taught by the plaintiff, and was fairly cool up to the time the car started to leave the road. That prior to the occurrence of the accident, the defendant had been in the automobile receiving driving instructions from the plaintiff for about a half an hour." The exceptions state that "The defendant filed a motion for a directed verdict in both actions." These motions were denied. We treat them as intended to raise .the question whether on all the evidence in each case as matter of law the finding must be for the defendant. The exceptions of the defendant to the denial of the motions and to the findings and rulings of the trial judge bring the cases here on a consolidated bill of exceptions.

The trial judge found and ruled in the action in which Gladys Holland was plaintiff that the undertaking of the plaintiff to teach the defendant to drive, and to give her the protection of her driver's license during the time she was so driving, was at the request and for the benefit of the defendant and that therefore the plaintiff was entitled to recover upon proof of simple negligence on . the part of the defendant, and that the auditor's report showed simple negligence of the defendant and due care on the part of the plaintiff. The trial judge was unable to find on the facts set out in the report that the plaintiff assumed the risk of the happening which caused her injuries.

The plaintiff was presumed to be in the exercise of due care at the time of the accident. The burden of proof rested upon the defendant to prove that she was negligent or assumed the risk of injury. G. L. (Ter. Ed.) c. 231, § 85. That was to be decided as a question of fact. It could not rightly have been ruled as matter of law. *Mercier v. Union Street Railway*, 230 Mass. 397, 405.

The defendant was a person of extended experience in connection with automobiles. While she was not a trained driver, she was familiar with the appearance of the mechanism of an automobile as visible to one riding on the front seat. She had ridden with her husband great distances in an automobile. As an intelligent person she could not reasonably be thought. to be ignorant of the position or use of

the "gas pedal" or of the effect of stepping upon it. The two women were intimate friends and neighbors. It fairly might be inferred that Mrs. Holland knew of these characteristics of the defendant and would anticipate that her conduct in learning to drive would not imperil the one who was teaching her. The defendant owed this plaintiff the duty to use intelligently her knowledge as to the mechanism of the automobile, and to act as a reasonably prudent person might be expected to conduct herself in all the circumstances. It cannot, in our opinion, rightly be said that this plaintiff voluntarily assumed the risk of the conduct of the defendant which caused the injuries complained of. It might have been found that she did not accept as an appreciated risk the event which came to pass. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503, 505. Her conduct did not as matter of law preclude recovery against the defendant. *O'Connell* v. *McKeown,* 270 Mass. 432. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432, 435. *McGuire* v. *Almy,* 297 Mass. 323, 329. There is nothing in the record to show that this plaintiff knew or appreciated that the defendant would press on the "gas pedal" with such force as to overcome the effect of the continued application of the emergency brake. *O'Brien* v. *Bernoi,* 297 Mass. 271, 274. *McGuire* v. *Almy,* 297 Mass. 323, 329. *Hietala* v. *Boston & Albany Railroad,* 295 Mass. 186. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432, 435. *Winslow* v. *New England Co-operative Society,* 225 Mass. 576.

The conduct of the defendant might have been found to be in violation of the duty which the law required her to exercise toward this plaintiff. The finding of the trial judge that she was negligent in all the circumstances cannot be said to have been unwarranted. *Lyttle* v. *Monto,* 248 Mass. 340. *Jackson* v. *Queen,* 257 Mass. 515, 517. *Labatte* v. *Lavallee,* 258 Mass. 527. *Mason* v. *Thomas,* 274 Mass. 59. *Semons* v. *Towns,* 285 Mass. 96. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 49, 50. *Labrecque* v. *Donham,* 236 Mass. 10.

In each case the entry will be

*Exceptions overruled.*