FLORENCE I. LE FLEUR, Respondent, v. JAMES VERGILIA et al., Appellants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: We think that a plaintiff who has been licensed by the State of New York to operate a motor vehicle and who voluntarily accompanies a defendant, who has just received a learner's permit, in defendant's car for the purpose of teaching the defendant to drive, assumes the risk of the defendant's inexperience and may not recover damages for personal injuries caused by the lack of skill or inexperience of the defendant and that it was error for the court to fail so to charge. (*Cunningham* v. *Erie R. R. Co.,* 137 App. Div. 506; *Eisenhut* v. *Eisenhut,* 212 Wis. 467; *Thomas* v. *Steppert,* 200 Wis. 388.) While we find no case exactly in point

in the appellate courts of this State, we think the principle of law laid down in *Murphy* v. *Steeplechase Amusement Co.* (250 N. Y. 479), *Ingersoll* v. *Onondaga Hockey Club* (245 App. Div. 137, and *Lutzker* v. *Board of Educ. of City of N. Y.* (262 App. Div. 881, affd. 287 N. Y. 822) requires us to hold that assumption of risk is a defense in the present case and should have been submitted to the jury. Under a certain state of facts, it is sometimes difficult to draw the line between contributory negligence and assumption of risk, yet there is a legal distinction (*McEvoy* v. *City of New York*, 266 App. Div. 445, 447, 448, affd. 292 N. Y. 654). In this case we think the two should have been charged separately and the jury instructed that if plaintiff was guilty of contributory negligence/or if the accident was caused by the lack of skill or inexperience of the defendant driver, then there could be no recovery by either plaintiff for the reason that plaintiff, Florence Le Fleur, had assumed the risk of the inexperience and lack of skill of the defendant driver. All concur, except McCurn and Wheeler, JJ., who dissent and vote for affirmance in the following memorandum: In our view of it, the test of liability in this case rests upon the question of the defendants' negligence and the plaintiff's freedom from contributory negligence. We feel that the charge was adequate and that, under the circumstances of this case, the court was not called upon to apply the doctrine of assumed risk. (Appeal from a judgment for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.