VELTE *v.* NICHOLS ET AL.

[No. 34, October Term, 1956.]

*Decided December 7, 1956.*

354

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Hyman A. Pressman,* for appellant.

*William B. Somerville,* with whom were *Clark, Smith & Prendergast* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

Vernon Velte sued the appellees for injuries sustained in a fall from a ladder. The jury rendered a verdict for the defendants, and judgment was entered for costs. On this appeal by the plaintiff it is contended that the court erred in permitting the defendants to cross-examine a witness called by the plaintiff on matters beyond the scope of his direct examination. The appellees contend that there was no error, or at least no reversible error, and if there was, the judgment should not be reversed because the court should have directed a verdict for the defendants in any event.

On December 21, 1954, the plaintiff drove his truck to the place of business of the defendants, commission merchants, at 9 East Camden Street in Baltimore. He testified that he entered the store and bought some yarding and then asked Wilson Nichols if he had Christmas trees for sale. Mr. Nichols said he did, and asked how many he wanted. He replied that he wanted fifty to a hundred bundles if they were good. There was a covered trailer parked at the curb in front of the store loaded with bundles of trees, more than half full. The rear was open and there was a six-foot ladder leaning against it. Mr. Nichols did not leave the store, but told him to "go up and look at them and throw out what I wanted." He did not notice whether or not the truck had a tailgate, but the top of the ladder was against the trunks of the trees. He walked up to the top of the ladder, with both feet on the top rung, and the foot of it slipped out, causing him to fall. He tried to hold on to the trees but they were slippery with ice and sap. He learned later that there was ice, covered with pine needles, under the foot of the ladder. He did

not examine or test the ladder before he climbed it. He denied that there were any employees of the defendants on the scene at the time of the accident. There were usually employees around to help customers load trees, but he never asked them to help him select trees or throw them down. He had been buying trees for twenty years, from trucks or railroad cars, and always preferred to make his own selection rather than to rely on samples.

Wilson Nichols, called by the plaintiff, testified that Mr. Velte asked the price of trees and said he was going out to look at them. He told him to "go ahead". They had a ladder for the use of their own men, or any one else that wanted to use it. One of their employees, Leon Sauls, was in the truck at the time, to pass the trees out in case there was a purchase. There was a tailgate on the truck, which was down. There were no needles in the street, but there was some ice in the gutters, since it was a cold day. He had been up the ladder a half dozen times himself that day, and his employees had also used it.

Mr. Brocato, employed by the Transfer Company that owned the trailer, was called by the defendants, and testified that he was standing outside the store and warned Mr. Velte to be careful with the ladder, that it was resting on ice on the street. Wilson Nichols testified he did not tell Velte to get in the truck, he thought he wanted to examine the samples that were stacked against the side of the truck. The trees in the truck were in the front part.

After the defendants had closed their case, the plaintiff called Leon Sauls and asked him whether he was in the trailer at the time of the accident. He replied that he was. Thereupon, the counsel for the defendants proceeded, over objection, to cross-examine the witness at length. He testified that he offered to pass trees out to the plaintiff, who told him he wanted to pick them out himself. The trees were in the front part of the vehicle. He also testified that the trees were balsam fir, not pine, and there were no needles about. He had swept up around the trailer that morning. At the conclusion of the case the appellants moved for a directed verdict on the usual grounds.

The appellant contends that the court abused its discretion in permitting cross-examination of the witness Sauls beyond the scope of direct examination, invoking the rule stated in *Williams v. Graff*, 194 Md. 516, and cases there cited. There was a violation of this rule but it is not controlling for we think the evidence, viewed in a light most favorable to the plaintiff, shows that he assumed the risk. The appellant relies on the case of *Riganis v. Mottu*, 156 Md. 340, in which a customer was injured when he leaned against a defective railing, and other cases in all of which structural defects in the premises or appliances supplied could not have been apparent to business invitees or employees. *Bethlehem Steel Co. v. Variety Co.*, 139 Md. 313; *Bernheimer Bros. v. Bager*, 108 Md. 551; *Bartlett-Hayward Co. v. State*, 120 Md. 1; *Recreation Centre Corp. v. Zimmerman*, 172 Md. 309; *Petrol Corporation v. Curtis*, 190 Md. 652. In the instant case the ladder was not defective. The inherent danger that the foot of the ladder may slip, when it is leaning against a tailgate or the trunks of trees, was as apparent to the plaintiff as it could have been to the defendants. Yet the plaintiff did not test the stability of the ladder but on his own statement mounted it to the very top, without inspection. As a matter of fact there was no evidence that the defendants knew that there was ice in the street under the ladder. That condition could have been ascertained upon inspection by the plaintiff as well as by the defendants. The defendants were not insurers of their own premises, far less the condition of the street. A possessor of land is liable only for harm caused to invitees by a condition of which he is aware, or should be aware, and which he should realize involves an unreasonable risk, and which he has no reason to believe they will discover. *Glaze v. Benson*, 205 Md. 26, 31. See also *Restatement, Torts*, sec. 343.

We think the facts in the instant case support the theory of assumption of risk. See *Le Vonas v. Acme Paper Board Co.*, 184 Md. 16; *Gordon v. State Fair*, 174 Md. 466, and *Pinehurst Co. v. Phelps*, 163 Md. 68. Cf. *Kaplan v. B. & O. R. R. Co.*, 207 Md. 56, 62, *Yaniger v. Calvert Bldg. & Con. Co.*, 183 Md. 285, and *Warner v. Markoe*, 171 Md. 351, 359. The distinction between assumption of risk and contributory

negligence was fully discussed in *Bull Steamship Lines v. Fisher,* 196 Md. 519, 524, *et seq.* We would reach the same conclusion upon either theory. Permission to enter the truck by means of the ladder, as an alternative to having the trees brought down, seems to us to be a far cry from a representation that the ladder was then in a position where it could be safely mounted to the top rung without slipping. The proprietors of the store might properly assume that the permittee would use reasonable means to ascertain that the ladder was securely planted before it was ascended.

For the reason stated the judgment on the jury's verdict will be affirmed. Cf. *Maryland Casualty Co. v. Wolff,* 180 Md. 513, *Texas Co. v. Wash., B. & A. R. Co.,* 147 Md. 167, and *Hawk v. Wil-Mar, Inc.,* 210 Md. 364, 375.

*Judgment affirmed, with costs.*