**Edgar RICHARDS, Appellant,**

v.

**Allen RICHARDS, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

As Modified on Denial of Rehearing
June 5, 1959.

McCann, Sledd & McCann, Lexington, for appellant.

Hays & Hays, Blake H. Page, Winchester, for appellee.

SIMS, Judge.

The parties to this action are brothers and as they have the same surname, for convenience we will refer to them by their given names.

Allen sued Edgar for $18,450 damages for personal injuries received in an automobile accident caused by the alleged negligence of Edgar. The answer pleaded contributory negligence and assumption of risk upon the part of Allen. The jury returned a verdict in favor of Allen for $3,000. On this appeal Edgar argues the court erred in overruling his motion for a directed verdict and his subsequent motion under CR 50.02 for judgment notwithstanding the verdict.

There is practically no contrariety in the facts. Edgar was 64 and Allen was 57 years of age at the time of the accident on September 15, 1955. Edgar had recently purchased a Chrysler automobile and Allen was teaching him to drive, as Edgar had not driven a car since 1916 or 1917, when he had driven a Ford. Allen was a farm laborer and a driver with some 30 years' experience, and had a driver's license, while Edgar only had a beginner's permit.

The day before the accident Allen had taught Edgar "to back between cars." On the day of the accident Allen went some distance in the country with Edgar, who wanted "to take some road tests." Edgar was driving and Allen "was telling him how to put his brakes on to stop, * * * how to speed up, slow down, and what distances it would take him to stop." They went out the Muddy Creek Pike some 9 or 10 miles from Winchester to a locality known as Hunt, where Edgar turned around and drove back to Winchester. Near the city limits, in going from the Muddy Creek Pike into French Avenue, there is a curve of almost 90 degrees. Edgar was driving 10 or 12 miles an hour with the car coasting. Edgar testified Allen told him "to give it some gas, (which Allen denies). * * * I just let my foot fly off the brake and I

think I hit the accelerator too hard." The car "hit some gravel * * * spun around, jumped the road and went upon the sidewalk; then up into a yard; I come between a post and a tree and I aim to cut back into the road and hit a tree."

After Edgar put his foot "too hard" on the accelerator and lost control of the car, it traveled between 150 and 200 feet before hitting the tree. Allen was seriously injured by the impact, had a long siege in the hospital and incurred medical and hospital bills in the sum of $2,657.50.

Our question for determination is, does one who undertakes to teach another to drive an automobile assume the risk when he gets in the car and puts his pupil under the wheel for instruction?

■ Strictly speaking, assumption of risk applies to the relation of master and servant and is based on the doctrine volenti non fit injuria. (One who consents to a hazardous undertaking cannot recover for an injury.) The term presumes some danger, a knowledge thereof, and ordinarily implies an appreciation of the danger and acquiescence therein. 7 C.J.S. Assumption of Risk p. 137. The doctrine applies where one may reasonably elect whether or not he shall expose himself to a particular danger. To invoke the doctrine, it is essential that the risk or danger shall have been known to, or appreciated by, plaintiff. 65 C.J.S. Negligence § 174, pp. 848, 851.

Some courts regard the assumption of risk and contributory negligence as interchangeable, but there is a distinction since assumption of risk is a mental state of willingness, while contributory negligence implies a failure of plaintiff to exercise due care. Also, assumed risk is based upon voluntary exposure to danger and is applicable only to cases where the injured person might reasonably elect whether or not he should expose himself to the danger. 38 Am.Jur. "Negligence", § 173, p. 847.

In Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, 85, we wrote, "In their legal effect, the two doctrines are identical.

They deny the right of recovery where the injured person with a knowledge of a dangerous situation voluntarily places himself in a position where he takes the chances of being hurt." Many cases are cited and discussed in the Porter opinion.

■ Allen knew his brother Edgar was without experience in operating a modern car. Thus, Allen assumed a risk when he got in the car with his brother and undertook to teach him to drive. Prosser on Torts (1st ed.) Chapter 9, § 51, p. 384; 4 Blashfield's Cyclopedia of Automobile Law & Practice (Part I, Perm. Ed.) Chapter 70, § 2512, p. 716.

■ It cannot be said this accident was caused by Edgar's negligence. It was obviously caused by his inexperience in the proper handling of the mechanical controls. An emergency was created when he pushed down on the accelerator "too hard" and the automobile "jumped across the road". He then panicked and failed to use the means at his command to stop the car. This is exactly the situation a person must anticipate when he undertakes to teach another how to drive. This is the risk he assumes.

Allen strenuously argues that whether or not he assumed the risk in getting in the car to teach Edgar to drive is a question of fact for the jury, especially where the accident arose out of a new danger not directly connected with the inexperience or lack of skill of the driver, citing Roberts v. Craig, 124 Cal.App.2d 202, 268 P.2d 500, 43 A.L.R.2d 1146, and many cognate cases. But the facts in those cases distinguish them from the one at bar. In the Roberts case the driver had only a "limited instruction permit" and wanted Mrs. Craig, who had an operator's license to accompany her. The accident was caused by the driver losing control of the car at an intersection and running over an embankment. The court properly allowed the case to go to the jury. Here, Edgar had never driven a gearshift car and Allen knew it. Patently, it cannot be said that this accident arose

out of a new danger not directly connected with Edgar's not knowing how to drive.

In Burnett v. Cockrill, La.App., 145 So. 398, the guest knew her host was a bad driver but this did not preclude recovery for an injury received by the guest at an intersection accident. Coy v. Hoover, Ky., 272 S.W.2d 449, held that one who got in a car with another known to be a fast and reckless driver, did not as a matter of law assume the risk of being injured, where the accident resulted from the driver's turning on the left side of the road to avoid an oncoming car in his line of traffic. These cases illustrate a "new danger" not connected with a driver's recklessness or lack of skill.

In Kappa v. Brewer, 207 Ky. 61 268 S.W. 831, Mr. Brewer, who had never driven a car, took it over from his chauffeur on a country road, wobbled about on the highway to some extent and was sideswiped when Kappa tried to pass him and Mrs. Brewer was injured in the wreck. We left the case with the jury because the evidence was in sharp conflict as to whether or not Brewer's inexperience helped in any manner to cause the accident.

■ Allen relies on the cases of Tillman v. Great American Indemnity Co. of New York, 7 Cir., 207 F.2d 588, and Holland v. Pitocchelli, 299 Mass. 554, 13 N.E.2d 390, wherein it was held that a question of negligence for the jury is presented when a driver steps on the accelerator instead of the brake. The first case did not involve an inexperienced driver, and consequently is of no pertinency. The second case is similar to the one before us, but the reasoning therein is neither realistic nor convincing. The fact that as an abstract proposition a person learning to drive knows the difference between the accelerator and the brake does not indicate negligence if he misuses these controls in an emergency. Edgar was instructing Allen in the proper use of these controls, and their improper use is the very risk he must be held to have assumed.

The court erred in not directing a verdict for Edgar at the conclusion of all the evidence, and it follows that he should have sustained Edgar's motion made under CR 50.02 for a judgment notwithstanding the verdict. Having reached this conclusion, it is unnecessary to discuss the criticism of the instructions.

The judgment is reversed with directions that one be entered for Edgar.

EBLEN, J., not sitting.