Mario Pittohi, J.
Plaintiffs’ motion for summary judgment is denied; defendants’ cross motion for summary judgment is granted; and defendants’ motion to preclude is denied as academic.
On December 18, 1959, plaintiff, Ida Aloisio, a licensed operator, was seated next to defendant, Anne Nelson, who was operating the car under a learner’s permit. Ida Aloisio was accompanying Anne Nelson to “give her an opportunity to acquire certain driving experience preparatory to her taking the motor vehicle operator’s examination.” Anne Nelson made a left turn; but because of her inexperience the turn was too wide, the car mounted a sidewalk, struck a pole and Ida Aloisio was injured.
The holder of a learner’s permit may operate a motor vehicle only when accompanied by a licensed operator. Section 20 (subd. 4, par. b) of the Vehicle and Traffic Law, effective on the day of the accident, says: “ The holder of a learner’s permit shall not operate or drive a motor vehicle unless at all times under the immediate supervision and control of a driver- * * * duly licensed ’ ’.
A licensed operator who accompanies an operator possessing-only a learner’s permit in order to instruct that unlicensed operator, assumes the risk of the permittee’s inexperience, and cannot recover damages for injuries caused by that inexperience or lack of skill (Spellman v. Spellman, 309 N. Y. 663; Le Fleur v. Vergilia, 280 App. Div. 1035). The fact that Anne Nelson had completed an adult edueátion driver training course and was scheduled to take her State motor vehicle operator’s examination does not exculpate Ida Aloisio from the assumption of risk of the learner’s inexperience and lack of skill. Until Anne *344 Nelson passed the test she was presumed under the law to be an incompetent operator and was not permitted to drive without the guidance of a licensed driver (Vehicle and Traffic Law, § 20, subd. 4, par. b).
The defendants are entitled to summary judgment. They are entitled to judgment as a matter of law on the undisputed facts (Nixon v. New York Cent. R. R. Co., 10 A D 2d 870 [2d Dept.]; Gerard v. Inglese, 11 A D 2d 381 [2d Dept.]). Submit order.