PER CURIAM.
By this appeal, the appellant [defendant in the trial court in a personal injury action] urges error in the failure of the trial judge to give instructions relating to contributory negligence or assumption of the risk. We affirm.
The record shows that the plaintiff was riding as a passenger in an automobile being operated by the twenty-one-year-old defendant[1] under a restricted driver’s license.[2] At the time of the charge conference, the only evidence that had been adduced relating to the negligence of the driver was the failure to see a posted sign warning of a curve and a reduction in the speed limit. The driver did not see the sign; he was warned immediately by the passenger but, because of the failure to reduce speed, was unable to negotiate the turn which resulted in the accident.
*433 We hold that the mere fact of riding with a driver with a restricted permit does not automatically entitle a defendant to instructions on contributory negligence or assumption of the risk. There must be some additional evidence of the defendant’s alleged negligence chargeable to the knowledge of the plaintiff. It is apparent from the record in this cause that, prior to the failure to see the sign, there was no additional evidence of negligence on the part of the defendant and, therefore, error has not been made to appear. Roberts v. Craig, 124 Cal.App.2d 202, 268 P.2d 500, 43 A.L.R.2d 1146; Constantin v. Bankers Fire & Marine Ins. Co., La.App.1961, 129 So.2d 269; Chalmers v. Willis, 247 Md. 379, 231 A.2d 70; Joyce v. Quinn, 204 Pa.Super. 580, 205 A.2d 611; Jennings v. Hodges, 80 S.D. 582, 129 N.W.2d 59.
Affirmed.

. This case does not involve the guest statute because the passenger was the owner of the vehicle. Hale v. Adams, Fla.App.1960, 117 So.2d 524; Fla.App.1962, 138 So.2d 761; Fla.App.1962, 147 So.2d 165; Heddendorf v. Joyce, Fla.App.1965, 178 So.2d 126.

. The restriction required a licensed operator [which the plaintiff was] to be in the vehicle with the restricted driver. McKinney’s Consolidated Laws of New York, c. 71, § 501(4) (b).