OPINION OF THE COURT
John W. Grow, J.
Defendants move for summary judgment pursuant to CPLR 3212.
*304 Plaintiff, on July 20, 1991, was an 18-year-old female. On that date she visited the defendant Lawrence Tanoury (Lawrence) at his residence. Defendant Lawrence Tanoury, Jr. (Junior), the 12-year-old son of Lawrence, was present. During the visit Lawrence fell asleep; plaintiff and Junior then took Lawrence’s automobile; Junior drove the car. While driving, he lost control, a one-car accident occurred, and the plaintiff allegedly sustained injuries for which she seeks damages from the defendants. There is no dispute plaintiff voluntarily and willingly was a passenger in the vehicle, and she raised no objection to Junior’s operation of the automobile.
Deposition testimony reveals Junior, by his own admission, had never driven a car before. Lawrence testified he had previously told Junior that he could not drive a car because of his age and total lack of experience. Lawrence stated he never gave his son permission to drive the car. Plaintiff testified she had possessed a valid learner’s permit since she became 16 years of age.
Defendants submit plaintiff, as a matter of law, assumed the risk of possible injury when she permitted herself to willingly be a passenger in the automobile driven by a 12 year old.
Plaintiff submits CPLR article 14-A, the so-called comparative negligence statute, provides assumption of the risk does not bar her from recovering. She argues that Junior drove the automobile for some 10 minutes prior to the accident and that he encountered no driving difficulties until he lost control and the accident occurred. She submits there are fact questions to be resolved as to the infant’s negligence and her own negligence.
The doctrine of assumption of risk is applicable only where the plaintiff is a voluntary participant in the injury-causing event, and is possessed of the requisite capacity to comprehend the risks of harm ordinarily associated with or inherent in the event. (Benitez v New York City Bd. of Educ., 73 NY2d 650.) Prior to the comparative negligence statute the Appellate Division, Fourth Department, in Le Fleur v Vergilia (280 App Div 1035), held in a case similar to this that a plaintiff who accompanies an inexperienced driver (in that case one who just obtained a learner’s permit) assumes the risk of the defendant’s inexperience and may not recover for personal injuries caused by the lack of skill or inexperience of the defendant. In Turcotte v Fell (68 NY2d 432), a leading assumption of risk case subsequent to CPLR article 14-A, it was held *305 that in determining the duty a defendant owes to the plaintiff it must first be determined whether the plaintiff’s interests are entitled to legal protection as measured against the defendant’s conduct. That case involved a professional jockey who was seriously injured while riding a horse in a race at Belmont Park, New York. Judge Simons, writing for a unanimous Court, stated "The risk assumed * * * 'means that the plaintiff, in advance, has given his * * * consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone * * * The result is that the defendant is relieved of legal duty to the plaintiff; and being under no duty, he cannot be charged with negligence’.” (Turcotte v Fell, 68 NY2d 432, 438, supra.) The Court applied the assumption of risk doctrine, as a matter of law, denying the plaintiff jockey any recovery for his injuries.
In a recent Fourth Department decision, Lamey v Foley (188 AD2d 157), the Court categorizes the assumption in the Turcotte case (supra) as a " 'primary’ assumption of risk”, and further holds that such a "primary assumption of risk eliminates * * * the tort-feasor’s duty of care to the plaintiff”.
Applying these principles to the instant case, defendants have submitted facts which clearly demonstrate plaintiff, who had a learner’s permit for some two years, is chargeable with knowledge of the dangers of the operation of an automobile; yet, knowing those dangers she voluntarily became a passenger in a car driven by a totally inexperienced driver whom she knew to be 12 years old. The deposition testimony reveals the accident occurred solely as a result of the driver’s lack of skill and experience.
In view of the evidence submitted by defendants it became incumbent upon the plaintiff to make at least an evidentiary showing that even though she possessed the learner’s permit for some two years she was unaware of the dangerous condition as well as the resultant risk of being a passenger in an automobile driven by an inexperienced child. This she fails to do.
An automobile is an inherently dangerous instrumentality in the hands of a totally inexperienced operator. Plaintiff, by her actions, consented to participate in the event which occurred and the reasonably foreseeable consequences thereof, *306 namely, the automobile accident and the injuries she sustained.
The court finds a primary assumption of risk by the plaintiff, constituting a complete bar to her recovery, notwithstanding CPLR article 14-A. Defendants’ motion is granted.