**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANITA RENEE WILLIAMS,
Plaintiff-Appellant,

v.

CLOVERLEAF ENTERPRISES,
INCORPORATED,

No. 99-1106

Defendant-Appellee,

and

UNITED STATES OF AMERICA; DAWN
GIBBS,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-97-2476-PJM)

Submitted: December 29, 1999

Decided: February 7, 2000

Before MURNAGHAN and NIEMEYER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey Fenster, ZAKROFF & ASSOCIATES, P.C., Bethesda, Mary-
land, for Appellant. Gerald W. Ueckermann, Jr., O'MALLEY,

MILES, NYLEN & GILMORE, P.A., Calverton, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A violent confrontation between two women in one of the parking
lots of Rosecroft Raceway in Fort Washington, Maryland resulted in
this civil suit, filed not only against the instigator of the altercation,
but also against the owner of the Raceway. In support of her suit,
Anita Renee Williams alleged that employees of Cloverleaf Enter-
prises stood idly by while Dawn Gibbs attacked her in three separate
assaults. Over a span of ten to fifteen minutes, Gibbs assailed Wil-
liams first with a ten-pound dumbbell, then with her fists and feet, and
finally with a steak knife. The final attack resulted in a deep cut along
Williams's right upper arm.

After discovery, the district court heard argument on Cloverleaf
Enterprises' motion for summary judgment. The district court found
that Cloverleaf had not breached any duty that it owed to Williams
through its employees. The court further found that Williams accepted
any risk of injury after Gibbs's first assault by virtue of Williams's
failure to leave the scene of the incident. On these findings, the dis-
trict court concluded that Cloverleaf Enterprises was entitled to sum-
mary judgment and entered a final order dismissing the case in favor
of Cloverleaf. Because we are convinced that Williams raised signifi-
cant issues of material fact with respect to Cloverleaf's duty to her
and her own assumption of the risk, we vacate the district court's
order and remand for further proceedings.

In considering this appeal, we apply the familiar standards for
review of the grant of summary judgment motions. This court reviews

2

the district court's order granting summary judgment to Cloverleaf Enterprises de novo. See E.J. Sebastian Assocs. v. Resolution Trust Corp., 43 F.3d 106, 108 (4th Cir. 1994). In doing so, we adhere to the same standard as the district court, namely, summary judgment is appropriate where there is no genuine dispute as to a material fact. See Miller v. FDIC, 906 F.2d 972, 973-74 (4th Cir. 1990); Fed. R. Civ. P. 56(c). We must view any permissible inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, Cloverleaf Enterprises would be entitled to summary judgment if Williams failed to make a sufficient showing on any essential element of the case with respect to which Williams bore the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The district court concluded that Williams failed to show that she requested assistance from Cloverleaf's employees during her confrontation with Gibbs. The court determined that this was a necessary element of Williams's case against Cloverleaf based on the Maryland Court of Appeals decision in Southland Corporation v. Griffith, 633 A.2d 84 (Md. Ct. App. 1993).[1] In that case, the plaintiff attempted to establish that Southland Corporation breached its duty of reasonable care when its employee allegedly refused to summon aid for a patron who was being assaulted. The plaintiff alleged that the employee refused this simple assistance despite being asked three times to contact the police. The Maryland court resolved the case by embracing the suggestion of the Restatement (Second) of Torts § 314A and imposing a duty on the business to aid its imperiled invitee when the business's employee has knowledge of the invitee's danger and the aid would not place the employee in the path of danger. Southland Corp., 633 A.2d at 91; see also id. at 91 n.8 (adopting the commentary to § 314A to "further clarify the rule"). In Maryland, the trigger-

_____

[1] Because the source of the district court's jurisdiction over this state law tort action was the parties' diversity of citizenship, see 28 U.S.C. § 1332 (1994), the rule of Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938), requires the application of the law of Maryland, the forum state. The parties agree that the opinion in Southland Corporation should govern this case.

3

ing event for a business's duty to aid an imperiled invitee is the employee's knowledge of the injured invitee. See id. at 91.

The facts alleged in Southland Corporation dictated the conclusion in that case that the time the employee knew or should have known of the plaintiff's peril was the exact moment that the plaintiff requested aid from the employee. See id. at 86. Consequently, the language seized on by the district court in its order, and Cloverleaf in prosecuting this appeal, represented the application of the law to the facts of the Southland Corporation case. Employing this language, rather than the rule of the Restatement as adopted by the opinion, imposed an additional prerequisite to the creation of a duty to an imperiled business invitee that neither the Restatement nor the Maryland court contemplated.

Consequently, the district court granted summary judgment in favor of Cloverleaf because Williams failed to do something that she was not required to do under Maryland law. Although the district court correctly found that Cloverleaf's employees would have been placing themselves in the path of danger by physically intervening and thus were not required to do so, we hold that Williams's case must be allowed to proceed on the theory that Cloverleaf's employees breached their duty of care to her by failing to summon assistance once they knew or should have known that she was imperiled by Gibbs' attack.**2**

The district court also found that, even assuming negligence on the part of Cloverleaf Enterprises, Williams "assumed any risk that ensued following the first [assault]," and was therefore unable to recover damages. See Schroyer v. McNeal, 592 A.2d 1119, 1122-23 (Md. 1991). "In Maryland, it is well settled that in order to establish the defense of assumption of risk, the defendant must show that the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." ADM Partnership v. Martin, 702 A.2d 730, 734 (Md. 1997). "`In determin-

_____

**2** We express no opinion regarding the likelihood of success on this theory of the case. We hold only that Williams has alleged sufficient facts to survive summary judgment regarding whether Cloverleaf employees knew or should have known that she was in danger.

4

ing whether a plaintiff had knowledge and appreciation of the risk, an objective standard must be applied and a plaintiff will not be heard to say that he did not comprehend a risk which must have been obvious to him.'" Id. (quoting Gibson v. Beaver, 226 A.2d 273, 275 (Md. 1967)). Ordinarily, whether a plaintiff has assumed a risk is a question for the trier of fact. See Chalmers v. Willis, 231 A.2d 70, 73 (Md. 1967). "On the other hand, when it is clear that a person of normal intelligence in the position of the plaintiff must have understood the danger, the issue is for the court." Schroyer , 592 A.2d at 1123.

It is clear that by remaining where Gibbs could continue to assault her, Williams acknowledged the possibility that Gibbs would continue to do just that. However, Williams's assumptions regarding Cloverleaf's potential breach of its duty to her are less clear. For instance, it could be argued that Williams did not know of the danger of this potential breach because she could not have been aware of the risk that Cloverleaf employees who were present would fail to call for assistance. In that case, Williams could not have assumed the risk and would not be barred from recovery. In contrast, Cloverleaf could contend that Williams knew of the danger inherent in continuing her fight with Gibbs despite the risk that no one would help her because she was not specifically aware that there were any Cloverleaf employees present. If that were true, Williams might have assumed the risk that Cloverleaf would breach its duty to her. In light of Maryland law's preference that the question of assumption of the risk be left to the jury, we must conclude that it was error for the district court to resolve the issue on summary judgment. See Chalmers, 231 A.2d at 73.

We therefore vacate the district court's order granting summary judgment in favor of Cloverleaf and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5