OPINION OF THE COURT
Valerie Brathwaite Nelson, J.
This is a negligence action to recover money damages for *809 personal injuries allegedly suffered as a result of a motor vehicle accident. The subject accident occurred on February 27, 2002 when the plaintiff was a passenger in a motor vehicle being operated by the defendant Padawattie Vega, and owned by the defendant Jadeshwar Mohunlall. The accident occurred while the defendant Vega was attempting to make a right turn onto 142nd Street. While making the turn, the defendant Vega lost control of her vehicle and the vehicle skidded into a parked vehicle. At the time of the accident, the defendant Vega was in the process of taking a road test for a New York State driver’s license and the plaintiff was an inspector for the New York State Department of Motor Vehicles.
A party moving for summary judgment must show by admissible evidence that there are no material issues of fact in controversy and that they are entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The defendants established their prima facie entitlement to summary judgment by showing that the plaintiff, as a licensed operator of a motor vehicle, by accompanying the defendant Vega, an unlicensed driver, assumed the risk of the defendant Vega’s inexperience, and therefore cannot recover money damages for injuries that were caused by such inexperience or lack of skill (see Spellman v Spellman, 309 NY 663 [1955]; St. Denis v Skidmore, 14 AD2d 981 [1961]; Le Fleur v Vergilia, 280 App Div 1035 [1952]). The evidence established that the plaintiff was aware that the defendant Vega did not have a license and was further aware of the danger in driving with an unlicensed and inexperienced driver, yet proceeded to drive with her. It is undisputed that the defendant Vega lost control of the vehicle while making a right-hand turn and collided with a parked vehicle. The evidence conclusively established that the accident was a result of the inexperience and lack of skill of the driver (see St. Denis, 14 AD2d at 981). Under these circumstances the plaintiff assumed the risk of such an accident and cannot recover money damages for his injuries.
The plaintiff, in opposition, failed to raise a triable issue of fact. The fact that the defendant Vega had taken a driver’s education course and presented herself as being ready to take the New York State motor vehicle operator’s examination does not protect the plaintiff from the assumption of risk of defendant Vega’s lack of skill and inexperience (see e.g. Aloisio v Nelson, 27 Misc 2d 343 [Sup Ct, Nassau County 1961]). In fact, the *810 plaintiff, as a trained inspector for the Department of Motor Vehicles, was well aware of the inexperience that drivers taking the road test have. Additionally, it does not matter that the plaintiff was not an instructor teaching the defendant operator how to drive. Assumption of the risk applies not only to instructors but to any passenger who enters the car of a driver who they know is unlicensed (see St. Denis, 14 AD2d at 981). Finally, the plaintiff did not raise an issue of fact as to inherent compulsion (see Benitez v New York City Bd. of Educ., 73 NY2d 650 [1989]; Maddox v City of New York, 66 NY2d 270 [1985]; Ticha v OTB Jeans, 39 AD3d 310 [2007]; Meli v Star Power Natl. Talent Co., 283 AD2d 617 [2001]; Bereswill v National Basketball Assn., 279 AD2d 292 [2001]).
Accordingly the plaintiffs motion for summary judgment is denied. The cross motion by the defendants for summary judgment is granted and the complaint is dismissed.