EMANUEL GORDON *v.* MARYLAND STATE FAIR, INC.

[No. 26, April Term, 1938.]

*Decided May 19th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William J. McWilliams,* with whom were *W. Hamilton Whiteford, Omar D. Crothers, Jr.,* and *Webster C. Tall,* on the brief, for the appellant.

*Wendell D. Allen* and *Ridgely P. Melvin,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The facts alleged in the declaration in this case, a demurrer to which was sustained by the lower court, are stated informally in the appellant's brief as follows: "On or about October 13, 1936, appellant went to the Laurel Race Track in Anne Arundel County, operated for profit by appellee, to attend the horse races. He paid the regular admission fee for entrance, and then paid an additional charge for admission to the club house. Within the club house grounds, appellant was furnished by appellee with a chair on the lawn adjacent to the rail of the track. Immediately before the start of a race, a large crowd of spectators moved up to the rail in front of appellant, so that, in order to see the race, he was obliged to stand upon his chair. At the close of the race, the crowd suddenly surged back against appellant, knocked his chair from under him, and caused him to fall to the ground and to receive serious injury."

The accident was alleged in the declaration to have occurred in consequence of a breach of duty on the part of the defendant, as "a proprietor of a public exhibition," to take precautions against injury to the plaintiff "from

a danger known to the Defendant, but which the Plaintiff exercising ordinary care could not perceive", by "proper policing of the grounds of the club house" and by providing "safe seating accommodations". The absence of any contributory negligence of the plaintiff was alleged.

There having been a refusal by the plaintiff to amend the declaration after it was held to be demurrable, a judgment for the defendant for costs was entered, and the plaintiff has appealed.

In our opinion the court below was right in its conclusion that the statement of facts in the declaration was an insufficient basis upon which to charge the defendant with actionable liability. It is the stated theory of the declaration that the accident could have been avoided by adequate seating provisions in the clubhouse enclosure and by police action to prevent occupants of that area from standing in front of the seats, thus obviating any occasion for the plaintiff to stand on his chair to see the race. But the omission of such provisions and precautions was known to the plaintiff, when, in accordance with "common and customary practice", as the declaration alleged, he mounted to a standing position on his chair. His fall occurred because the crowd in front of him, at the close of the race, moved backward before he stepped from the chair to the ground. Such a movement was natural and to be expected when the race which attracted the crowd to the rail was finished. It would, however, be charging the defendant corporation with an unduly strict responsibility to hold it amenable to this suit for not anticipating and providing against the contingency that a patron standing on a chair behind a crowd at its race track might not protect himself against the obvious risk of being overturned if he were not sufficiently prompt in changing his position under such circumstances. The reference in the declaration to a "danger known to the defendant", but which, it is averred, the plaintiff could not "perceive" in the exercise of ordinary care, omits to explain how one of the parties could be charged with knowledge of the risk, while the other

could be excusably ignorant of its existence, in view of the manifest conditions by which it was caused.

The opinion by Judge Sloan in *Pinehurst Co. v. Phelps,* 163 Md. 68, 73, 160 A. 736, 737, quoted from 20 *Ruling Case Law* 56, as follows: "The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. * * * And hence there is no liability for injuries from dangers that are obvious, or as well known to the persons injured as to the owner or occupant."

Assumption of risk, as contrasted with contributory negligence, was defined in the opinion by Chief Judge Bond in *Warner v. Markoe,* 171 Md. 351, 359, 189 A. 260, 264, in which he said: "The distinction between contributory negligence and voluntary assumption of risk is often difficult to draw in concrete cases, and under the law of this state usually without importance, but it may be well to keep it in mind. Contributory negligence, of course, means negligence which contributes to cause a particular accident which occurs, while assumption of risk of accident means voluntary incurring that of an accident which may not occur, and which the person assuming the risk may be careful to avoid after starting. Contributory negligence defeats recovery because it is a proximate cause of the accident which happens, but assumption of the risk defeats recovery because it is a previous abandonment of the right to complain if an accident occurs."

Even if it be supposed, though we do not decide, that negligence might properly be imputed to the defendant upon the facts alleged in the declaration, we think they clearly indicate that the plaintiff assumed the risk which the described conditions created.

In most of the cases cited in the appellant's brief, the injuries to the plaintiff resulted from the inadequacy of physical provisions for their safety. No cited case is sufficiently analogous in its facts to the one alleged in this suit to be of value as a precedent for our present decision.

*Judgment affirmed, with costs.*