AMBASSADOR APARTMENT CORPORATION *v.*
EVA K. McCAULEY

[No. 26, October Term, 1943.]

*Decided November 5, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, and BAILEY, JJ.

*Alfred J. O'Ferrall, Jr.,* with whom were *O'Ferrall & O'Ferrall* on the brief, for the appellant.

*Clater W. Smith,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Mrs. Eva K. McCauley, appellee, a school teacher at William S. Bayer School, on May 23, 1943, while entering the drug store of the Ambassador Apartment, appellant, in Baltimore City, was struck on the left leg below the kneecap by a screen which fell from the window of a fifth-floor apartment of appellant, occupied by Miss Bessie E. Evitt. The blow was sufficient to make a cut about one-half an inch long. The tibia was struck and also the anterior tibia muscle. There was much bleeding, and the leg was quite swollen. She was practically paralyzed as far as the use of the leg was concerned and suffered rather intense pain. It was necessary for her to sleep with her leg propped up. She was sent by her attending physician to the hospital the following day, where she was also examined by a bone specialist. It was impossible for her to walk for the first three weeks. The doctor discharged her about August 20. She lost $84 in pay as a result of her absence from school. Her doctor and hospital bills amounted to $276.95. The appellee, here, entered suit in the Baltimore City Court in tort against Ambassador Apartment, Inc., a body corporate, appellant, here, and against Bessie E. Evitt, jointly. After trial before the court, sitting as a jury, a judgment was entered in favor of the defendant, Miss Evitt,

and in favor of the plaintiff, Mrs. Eva McCauley, against the Ambassador Apartment, Inc., in the amount of $575. The Ambassador Apartment appeals to this court from the judgment in favor of the appellee.

This appeal comes to this court by reason of Rule 9 (c), Trials, of the General Rules of Practice and Procedure adopted by this court on January 30, 1941. This rule provides: "(c) Appeal. When a proceeding has been so tried by the court, an appeal from the judgment, if allowed by law, may be taken according to the practice in equity. Upon appeal the Court of Appeals may review upon both the law and the evidence, but the judgment of the trial court shall not be set aside on the evidence, unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The Court of Appeals may affirm, reverse, modify, or remand, as in appeals from equity."

Testimony shows the screen was of wire mesh in a steel frame with two springs on the left-hand side. It had been in use for about twelve years, exposed to the weather. It was fitted in guides or grooves fastened inside the window casement and on the outside of the window sashes. There were two rings on the bottom of the screen which were used to raise it. The grooves, to hold it in place, were flanges. The inner flange was about one-half an inch wide, while the outer one was about half that width. In order to remove the screen, it was necessary to push an appliance to depress the springs, push the screen outward and then pull it in. This screen was furnished by the apartment house, as are the screens for all other windows, and are removed by the apartment house in the fall, if the tenant so requests, and are replaced in the spring.

Early in May employees of the appellant painted the apartment house on the outside from scaffolding which had been erected, and the work was done under instruction from appellant. On May 11, twelve days before the accident happened, the window from which the screen

fell was painted from the outside. In order to properly paint the window frame and sash, it was necessary to remove the screen. Miss Evitt testified that she was the only person occupying the apartment between those two dates and that the screen had not been removed in that time. On the day of the accident, she took hold of the two rings on the bottom of the screen and raised it four or five inches in order to dust the window frame. The screen fell out and she "hollered." In vain she attempted to catch it. She saw it hit the pavement close to a lady. She then called the desk at the apartment house and told them the screen had fallen out.

As the appellee was entering the drug store of appellant as a business invitee at the time she was injured, the appellant was not an insurer as to her and was responsible for the injury if caused by its failure to exercise a reasonable, careful supervision of the appliances used and methods of business conducted in and about the premises. The appellant was under an obligation to maintain its premises in a reasonable, safe condition for the visit of the appellee, and it was liable as for negligence if the injury to her was caused by its failure to maintain the window and the window screen in a reasonably safe condition. 3 *Cooley on Torts* (4th Ed.), Sec. 440; *Beverly Beach Club v. Marron*, 172 Md. 471, 192 A. 278; *Chalmers v. Great A. & P. Tea Co.*, 172 Md. 552, 192 A. 419; *O'Neill & Co. v. Crummitt*, 172 Md. 53, 190 A. 763; *Am. Law Inst., Restatement Torts*, Sec. 341. "The negligence may be established by direct or circumstantial evidence. *Burke v. Baltimore City*, 127 Md. 554, 562, 96 A. 693." *Frenkil v. Johnson*, 175 Md. 592, 604, 3 A. 2d 479, 484.

It is evident from the testimony in this case that if this particular screen had been properly installed and maintained in proper condition, raising it four or five inches would not have made it fall out of the window. According to the testimony it was proper for the screen to be raised for the purpose of dusting the sill, because

two rings were installed at the bottom of the screen for the purpose of raising it from the inside. The outside flanges were half as wide as the inside flanges and if the springs, through use for many years, had become weak, from the construction of the guides it would fall outside instead of inside. A reading of the record gives the unescapable conclusion that the screen was removed twelve days before the accident by the employees of the appellant in order to paint inside of the screen. If it had been in proper condition with strong springs and adequate guides and properly placed in the guides, it would not have fallen out of the window. It has been shown that the last installation of the screen was made by the agents and servants of the appellants under its direction. The type and condition of the screen and guides were under the control and responsibility of the appellant. The screen, itself, was offered in evidence and viewed by the trial judge. It is evident that, if the screen was not properly placed in the guides, but held only by the tension of the springs, the raising of the screen would naturally push it out and cause it to fall.

We see no reason to disagree with the conclusion of the trial judge that the screen was not properly replaced in the guides when it was taken out and put back by the painters twelve days before the accident happened, and that, thereby the appellant was negligent. The amount of the doctor and hospital bills, loss of salary by the appellee, and pain and suffering, in our opinion were sufficient to justify the amount of the judgment.

*Judgment, affimed, with costs.*