LANDAY, ETC. *v.* COHN ET UX., ETC.

[No. 214, September Term, 1958.]

*Decided May 7, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Alexander B. Kloze* and *S. Raymond Dunn,* with whom was *Amos I. Meyers* on the brief, for the appellant.

*William C. Holland* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

The infant plaintiff, six years old, seeks to recover from the owners of an apartment house for injuries suffered on a portion of the property retained by the landlords for the common use of the tenants, while he was a visitor of a child of a tenant.

Four declarations were filed successively and each was demurred to. The first three demurrers were sustained with leave to amend. The demurrer to the third amended declaration was sustained without leave to amend, and the appeal is from the judgment for the defendants for costs.

The appellant asks us to find a sufficient statement of a cause of action in any one of the four declarations or in their combined allegations. It is clear that the sufficiency of none

of the first three is before us. Each contains the usual formal commencement and ending and is complete in itself, and each that followed the first was intended as a substitute for that, or those, which preceded it. Therefore, the first three declarations are to be regarded and treated as withdrawn, and the rulings on the demurrers as to them are not before us for review. It was so held flatly in *Ellinger v. Baltimore City*, 90 Md. 696, and *Peninsula Produce Exchange v. American Ry. Express Co.*, 147 Md. 424, 433-435. The latter case distinguished *Baltimore City v. Maryland Pavement Co.*, 130 Md. 454, wherein the amendment was by adding an additional count to the declaration, and the holding was that this was not a pleading *de novo* as is the case where a complete new *narr.* is filed as a substitute for the old. Under the circumstances of the case before us, we are constrained to consider only the sufficiency of the allegations of the third amended declaration.

The demurrer claims that there is not shown either the breach of any duty owed the infant plaintiff by the defendants, or facts which establish the relationship of the plaintiff to the defendants as other than a trespasser.

Where a landlord leases separate portions of a property to different tenants and reserves under his control halls, stairways or other parts of the property for use in common by all the tenants, he must use ordinary care and diligence to maintain the retained parts in reasonably safe condition. *Seaman v. State*, 213 Md. 359, 366; *McKenzie v. Egge*, 207 Md. 1, 7; *Ross v. Belzer*, 199 Md. 187, 190; *Levine v. Miller*, 218 Md. 74, 78. The duty stems from the responsibility engendered in the landlord by his having extended an invitation, express or implied, to use the portions of the property retained by him. *Crown Cork & Seal Co. v. Kane*, 213 Md. 152; 32 Am. Jur. *Landlord & Tenant* § 688, p. 563; 52 C. J. S. *Landlord & Tenant* § 417 (b), p. 26; Prosser, *Torts*, 2nd Ed., § 80, p. 471. Such an invitation extended to a tenant includes the members of his family, his guests, his invitees and others on the land in the right of the tenant. Restatement, *Torts*, Sec. 360, Comment (d); Prosser, *op. cit.*, § 80, p. 471. It has been held that a child on the land at the invitation of the child of the tenant is entitled to the

benefit of the landlord's obligation in this respect. *Harakas v. Dickie* (Mo.), 23 S. W. 2d 651; *Coughlin v. Jones,* 295 N. Y. S. 681, aff'd 6 N. Y. S. 2d 363. See also *Mercier v. Bushwick Sav. Bank,* 24 N. Y. S. 2d 666; and Annot., 26 A.L.R. 2d 468, 477. There is an important qualification to the rule as to the duty of the landlord. His responsibility for the reasonably safe condition of premises retained under his control is limited to the confines of his invitation to use them, express or implied. It does not extend to the use of such premises for an unintended purpose. *Levine v. Miller, supra,* 218 Md. 74, 78-79; Restatement, *Torts,* Sec. 360, comment (d) ; Prosser, *op. cit.,* § 80, p. 473; 32 Am. Jur. *Landlord & Tenant* § 690; 52 C. J. S. *Landlord & Tenant* § 417 (b) ; *Markussen v. Mengedoht* (Neb.), 272 N. W. 241, 243, and cases cited therein; *Ryerson v. Bathgate* (N. J.), 51 A. 708, 709; *Seaman v. Henriques* (Conn.), 95 A. 2d 701, 703; *Cohen v. Davies* (Mass.), 25 N. E. 2d 223; *Wholey v. Kane,* 44 N. Y. S. 649.

The third amended declaration alleges that the defendants lease parts of their apartment house to others and "retain in their own possession other parts which the lessees are entitled to use as appurtenant to the part leased to them;" that the defendants were negligent in failing "to remove a pile of accumulated rubbish on a portion of the premises retained by them;" that a child of a tenant invited a child who lived off the premises to come to his house to play; that the invited child "while being led by his friend was required to pass this accumulation of rubbish," slipped on a portion of it and was injured; and that defendants knew or should have known that the pile of rubbish contained hidden sharp objects and children of tender years were habitually invited to visit the premises.

Thus the declaration alleges in general terms a violation of the standard rule as to the duty of a landlord with respect to retained areas of the premises. It fails, however, to allege facts showing what portion of the property was involved, or in what manner or for what purposes the tenants (and, so, the plaintiff as one claiming under the right or title of a tenant) had been expressly or impliedly invited to use the retained

part. Lacking also is an allegation of fact that the infant plaintiff was using the portion of the premises on which he was injured within the confines of the invitation to use it, that is, for the purposes for which it was intended. What is omitted cannot be inferred from what is said because the area in question is not described or designated in the *narr*. Therefore, there was no plain statement of facts showing that the defendant had breached a duty owed to the infant plaintiff; compare *Miller v. Howard,* 206 Md. 148, 153-154; and the demurrer to the third amended declaration properly was sustained.

Because there are indications that the plaintiff fairly may be able to allege facts which will state a cause of action, we shall remand the case under Maryland Rule 871 a to permit an amendment of the *narr.* and subsequent proceedings.

> *Case remanded, without affirmance or reversal, for further proceedings, appellant to pay the costs.*