## ELMAR GARDENS, INC. *v.* ODELL

[No. 163, September Term, 1961.]

*Decided January 25, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Robert C. Heeney,* with whom were *John F. McAuliffe, Philip M. Fairbanks* and *Fairbanks, Heeney & McAuliffe* on the brief, for the appellant.

*Albert T. Blackwell, Jr.,* with whom were *Couch, Blackwell & Miller* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from a judgment in favor of the appellee entered upon a jury's verdict for damages in the amount of $3500. in a case where the appellee put his hand through a pane of glass in a door which was at the entrance to an apartment house in which he was a tenant.

At the close of the appellee's case the appellant moved for a directed verdict. This motion was denied by the court, whereupon the appellant rested its case and chose not to offer evidence.

Appellant is a corporation which owns a number of apartment buildings in Hyattsville, Prince George's County, Maryland. Each building contains six apartments, two on each floor. Appellee, his wife, and child lived on the second floor

of the building involved for approximately a year preceding the accident.

The door to the building as described by the appellee's testimony and shown by the photographs admitted in evidence, is wooden with plywood panels at the bottom and two sets of three glass panes parallel to each other at the top, a metal push plate is located at the edge of the door farthest from the hinge side, and on top of the door there is a spring-air type device which causes the door to close automatically after being opened. The door opens outward toward the street.

On May 23, 1959, appellee, his wife, and six year old son were returning to the apartment after shopping at a local food store. Appellee, who was the only person who testified as to what happened, stated that he entered the apartment building from the street carrying some groceries in both arms, opened the door to the common hallway "just as far as it would go" and placed his foot against it to keep it from closing on his son who was following behind him, carrying two cartons of soda pop. Appellee then set his groceries down on a radiator which was on the inside of the hallway to the hinge side of the door, and moved his foot causing the door to close. While he did this it became obvious to him that the door was going to close upon his son so that he stuck his hand out to the hinge side of the door against the glass pane of the door in order to stop it. The door stopped temporarily for his son, "perhaps a fraction of a second." The son got out of the way, but the glass quivered in the appellee's hand and then broke, causing the severing of the radial artery of his right hand.

Appellee further testified that there was nothing wrong with the door or its automatic closing device, and that he had entered and left by that door twice a day for approximately a year. He claimed that the glass in the door was thin, but he did not describe how thin; nor did he describe what, if any, building regulations were violated by this particular glass; nor what, if any, standards there were as to what thickness the glass should be. He also claimed that the particular pane of glass was not installed securely in that it was secured to the door frame by wooden strips which allowed it to quiver

when touched by his hand. He said that the door was heavy in comparison with a house door. He said that the glass in the door was frequently broken by children throwing objects at it. In fact the glass by which he cut himself was broken before and had not been replaced for a long period of time. As a matter of fact, according to him, the glass in question was not replaced until four days before the accident, and apparently as a result of his complaint to the management. He knew the glass pane immediately to the right of the glass by which he was injured was cracked. The reason he advanced for his failure to use the metal push plate on the door was that the door was closing on his son too rapidly and he had insufficient time to reach and place his hand on the plate.

As we see it the controlling question for our decision in this case is whether the trial court erred in denying the appellant's motion for directed verdict at the close of the appellee's case.

Mere ownership of land or buildings does not render the owner liable for injuries sustained by tenants or invitees rightfully on the premises, for the owner is not an insurer of such persons but owes them the duty only to exercise ordinary care to render the premises reasonably safe. *Long v. Joestlein,* 193 Md. 211, 66 A. 2d 407; *Yaniger v. Calvert Bldg. & Con. Co.,* 183 Md. 285, 37 A. 2d 263. Moreover, where a landlord leases separate portions of a property to different tenants and reserves under his control halls, stairways, and other portions of the property used in common by all tenants, he is only obliged to use reasonable diligence and ordinary care to keep the portion retained under his control in reasonably safe condition. *Landay v. Cohn,* 220 Md. 24, 150 A. 2d 739; *Levine v. Miller,* 218 Md. 74, 145 A. 2d 418; *Whitcomb v. Mason,* 102 Md. 275, 62 Atl. 749; and cases collected in 14 M.L.E., *Landlord and Tenant,* § 193; Restatement, *Torts,* § 361.

In the case of *Yaniger v. Calvert Bldg. & Con. Co., supra,* this court in summarizing the law on the liability of a landlord for injuries sustained by a tenant because of a defect in the portion of the premises retained by the landlord at page

289, quoted as follows from *Gordon v. Maryland State Fair*, 174 Md. 466, 199 Atl. 519:

> "The mere ownership of land or buildings does not render one liable for injuries sustained by persons entering thereon or therein; the owner is not an insurer of such persons even though he has invited them to enter, nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality or the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant, and not known to the person injured, that a recovery is permitted. * * * And hence there is no liability for injuries from dangers that are obvious, or as well known to the persons injured as to the owner or occupant."

Accordingly, it was necessary for the appellee not only to show the happening of the accident but also negligence on the part of the appellant. No proof was offered of any defect in the installation of the glass other than the appellee's intimation that the wooden strips holding it to the door frame were insecurely fastened, and no proof that the appellant had knowledge of such condition, if it existed, or that by the exercise of reasonable care the landlord ought to have known of the defect in time to have it corrected. This intimation, together with the appellee's opinion as to the thinness of the glass, standing alone was not sufficient to warrant the jury in inferring negligence on the part of the appellant. Cf. *Ambassador Apartment Corp. v. McCauley*, 182 Md. 275, 34 A. 2d 333.

We have been referred to no Maryland case, nor have we found any, which involves a similar factual situation. However, in the case of *Home Public Market v. Newrock* (Colo.), 142 P. 2d 272, plaintiff could not recover in a case where, while attempting to enter the defendant's place of business

through a double door, he put his hand on the plate glass center panel, and the glass broke and injured him. The court found no proof of any defect in the glass or door, or that a dangerous condition existed which was known to the defendant. See also *Flynn v. F. W. Woolworth Co.* (Mass.), 155 N. E. 2d 176.

We think that such evidence as was produced by the appellee in this case was legally insufficient to show any negligence on the part of the appellant. *Smith v. Bernfeld*, 226 Md. 400, 174 A. 2d 53; *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 164 A. 2d 273; *Wasserman v. Hutzler Co.*, 219 Md. 310, 149 A. 2d 1. Accordingly the trial court was in error in denying appellant's motion for a directed verdict at the conclusion of the appellee's case, so that the judgment entered upon the verdict of the jury must be reversed.

*Judgment reversed without a new trial, with costs.*