**HUGHES SUPPLY, INC., et al.,**
Appellants,

v.

**FRIENDLY CITY ELECTRIC FIXTURE CO., Inc., Appellee.**

No. 20922.

United States Court of Appeals Fifth Circuit.

Nov. 6, 1964.

Harry Kemker and Marvin E. Barkin, of Fowler, White, Gillen, Humkey & Trenam, Tampa, Fla., for appellant Emerson Companys.

S. E. Simmons and Bussey, Simmons & Owen, St. Petersburg, Fla., for appellant Hughes Supply Inc.

Paul A. Saad, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

PER CURIAM.

The appellants specify error because their motions for summary judgment were denied. They claim there had been two voluntary dismissals, within the meaning of the Florida Rules of Civil Procedure 1.35(a) (1), 30 F.S.A.,[1] of the same cause of action in the Florida state courts. It is argued that these dismissals constitute a bar to the instant proceeding.

The appellee (plaintiff in the state court) first filed a common law action in tort for unlawful interference with business and contractual relationships in the Circuit Court of Hillsborough County, Florida. The appellants (defendants in the state court action) filed motions to dismiss, alleging improper venue, lack of jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief could be granted; and the improper venue allegation was supported by affidavits of counsel.

The appellee filed an admission of improper venue and the state court dismissed the action for this reason without notice to the appellants. The appellee then filed a complaint based on the same cause of action in the Circuit Court of Pinellas County, Florida, to which the appellants filed various motions which were heard and argued, after which the appellee filed a voluntary notice of dismissal.

The United States District Court for the Middle District of Florida refused to construe the first dismissal in the state court as a voluntary dismissal within the purview of the above mentioned Florida rule, which is substantially similar to Rule 41 of the Fed.R.Civ.P. and which gives a plaintiff one free dismissal. The court concluded that the motions attack-

---

1. "RULE 1.35. DISMISSAL OF ACTIONS

"(a) Voluntary Dismissal; Effect Thereof.

"(1) By Plaintiff; By Stipulation. Subject to provisions hereof, except in actions in replevin or proceedings wherein property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing stipulation of dismissal signed by all parties who have appeared in the action.

"Without Prejudice, When. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state an action based on or including the same claim."

ing venue, supported by the affidavits of the defendants in the state court action in Hillsborough County, were necessarily assumed to be meritorious, and that the action was properly dismissed because of improper venue which the appellants had raised as defendants in the state court. We are in agreement with the conclusion reached by the trial court.

The judgment is affirmed.