WINDSOR *v.* GOLDSCHEIDER, ᴇᴛ ᴀʟ.

[No. 661, September Term, 1966.]

*Decided December 7, 1967.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Samuel Intrater,* with whom was *Albert Brick,* on the brief, for appellant.

*William A. Ehrmantraut,* with whom were *Edward C. Donahue, John J. Mitchell* and *James Gleason* on the brief, for appellees.

BARNES, J., delivered the opinion of the Court.

This appeal is from a judgment granted by the Circuit Court for Montgomery County on appellees' motion for a directed verdict at the close of appellant's case. The trial judge stated that appellant had failed to make out a prima facie case of negligence and, furthermore, that appellant was guilty of contributory negligence as a matter of law.

The facts, for the most part, are undisputed. We think, viewing the testimony, and the inferences from it, in a light most favorable to the appellant, that there was sufficient evidence presented by the appellant, as the plaintiff below, from which the jury could have reasonably found for the appellant and that the lower court must be reversed.

The appellant was a tenant in the appellees' apartment house for about two years before July, 1962. For about six months prior to July, 1962, a chain link fence ran the length of a cement path that extended from the apartment house to the street sidewalk. The chain link portion of the fence was affixed to the top metal tubular rail of the fence by a series of twisted metallic wires which encircled the top rail and projected out on the far side of the fence at right angles to the fence. These projections were not readily visible from the path. There was no evidence that the method used in twisting the metallic wires and leaving them as projections was the proper and usual method of erecting this type of fence.

On the date involved, the appellant was walking with his three year old son down the cement path towards the sidewalk. The child broke away from appellant's grasp and ran toward

the heavily traveled street. The appellant ran after the child and reached over to the fence to steady himself as he approached two steps. His hand was gashed by one of the wire twists at the top of the fence. He caught the child just as he was about to enter the busy street.

It is settled in Maryland that the mere ownership of land does not render one liable for injuries sustained by persons entering thereon, but where a landlord leases separate portions of his property to different tenants and reserves other parts of the property for the common use of all tenants, he must then exercise ordinary care and diligence to maintain the retained portions in a reasonably safe condition. *Langley Park Apts. v. Lund, Adm'r,* 234 Md. 402, 199 A. 2d 620 (1964); *Elmar Gardens, Inc. v. Odell,* 227 Md. 454, 177 A. 2d 263 (1962); *Gordon v. Maryland State Fair,* 174 Md. 466, 199 A. 519 (1938). We think that the jury could reasonably have found from the evidence that the appellees should have known of the condition of the fence that was on their property for a period of six months and that they should have foreseen the risk of injury to someone using the top metal tubular rail to support himself.

The trial court found, without explaining why, that appellant was contributorily negligent as a matter of law. We disagree. There was testimony by the appellant that he did not know of the condition of the fence before the accident, and we do not think that he was under any duty to examine it. Even if he had examined the fence, there would have been nothing to suggest to him that the condition was inherently dangerous. Further, we cannot say, as a matter of law, that the appellant was negligent in chasing his child in order to save him from a busy street.

> *Judgment reversed, and case remanded for a new trial, the costs to be paid by the appellees.*