**Dora L. LEVINE, Appellant,**

**v.**

**Dr. Harold H. KATZ and Shannon & Luchs Company, Appellees.**

**No. 21145.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 4, 1967.

Decided May 14, 1968.

Joseph Levin, Washington, D. C., for appellant.

Cornelius H. Doherty, Washington, D. C., for appellees.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and BURGER, Circuit Judge.

PRETTYMAN, Senior Circuit Judge:

This is a civil action for damages by reason of negligence. Appellant-plaintiff slipped on a small strawlike mat, lying without adhesive undercoating on a highly polished floor, while entering the lobby of a multi-family apartment house. In leasing, the landlord had reserved to his own control the halls and other parts. of the premises designed for the common use and convenience of all of the tenants. Plaintiff and her husband were on a visit to their grandchildren (granddaughter and husband), tenants in the apartment house. This was a customary Saturday afternoon family occurrence and followed some telephone conversation between the ladies. Before plaintiff completed her evidence, the trial court directed a ver-

dict for defendants upon the ground that plaintiff was a mere licensee and consequently the landlord was under no duty to exercise reasonable care for her safety. We think the court erred in that determination, and accordingly we vacate the judgment and remand.

 It has long been well settled in this jurisdiction that, where a landlord leases separate portions of property to different tenants and reserves under his own control the halls, stairs, or other parts of the property for use in common by all tenants, he has a duty to all those on the premises of legal right to use ordinary care and diligence to maintain the retained parts in a reasonably safe condition.[1] The apartment house in the case at bar·was across the line in suburban Maryland, and the rule of law in that jurisdiction has long been the same as in the District.[2] The Court of Appeals of Maryland in 1959, in a unanimous opinion written by Judge Hammond, carefully stated the matter with succinct explanation and extended citations.[3] He said in part:

"Where a landlord leases separate portions of a property to different tenants and reserves under his control halls, stairways or other parts of the property for use in common by all the tenants, he must use ordinary care and diligence to maintain the retained parts in reasonably safe condition. [Citing cases.] The duty stems from the responsibility engendered in the landlord by his having extended an invitation, express or implied, to use the portions of the property retained by him. [Citations.] Such an invitation extended to a tenant includes the members of his family, his guests, his invitees and others on the land in the right of the tenant. [Citations.]"

In 1964 the Maryland court unanimously iterated the rule, saying, "There is no doubt in Maryland that [the landlord reserving control over parts of the property] must then exercise ordinary care and diligence to maintain the retained portions in a reasonably safe condition."[4]

 In the case before us the trial court cited, quoted, and expressly relied upon the Maryland case of Levine v. Miller.[5] The record there disclosed that the landlord maintained an empty and

---

1. Wardman v. Hanlon, 52 App.D.C. 14, 17, 280 F. 988, 991 (1922); Pessagno v. Euclid Inv. Co., 72 App.D.C. 141, 112 F.2d 577 (1940); Walker v. Dante, 61 App.D.C. 175, 58 F.2d 1076 (1932); Nielsen v. Barclay Corporation, 103 U.S. App.D.C. 136, 255 F.2d 545 (1958); Lord v. Lencshire House, Ltd., 106 U.S. App.D.C. 328, 272 F.2d 557 (1959); Daisey v. Colonial Parking, Inc., 118 U.S.App.D.C. 31, 33, 331 F.2d 777, 779 (1963). See also RESTATEMENT (SECOND) OF TORTS § 360 (1965):

 "A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, *is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee * * ** for physical harm caused by 'à dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." (Emphasis supplied.)

 And see HARPER AND JAMES, THE LAW OF TORTS § 27.17 (1956):

 "The duty owed by a landlord to his, tenants and their visitors with respect to common hallways, approaches and the like, which the landlord retains in his possession for the use of his tenants, * * * is the full duty of reasonable care to make conditions reasonably safe * * *.*"

2. Ross v. Belzer, 199 Md. 187, 190, 85 A.2d 799 (1952); Seaman v. State, 213 Md. 359, 366, 131 A.2d 871 (1957); Elmar Gardens, Inc. v. Odell, 227 Md. 454, 177 A.2d 263 (1962).

3. Landay v. Cohn, 220 Md. 24, 150 A.2d 739 (1959).

4. Langley Park Apartments, Sec. H., Inc. v. Lund, 234 Md. 402, 199 A.2d 620 (1964).

5. 218 Md. 74, 145 A.2d 418 (1958). It is to be noted that the opinion in this case was written by the same judge who wrote in Landay v. Cohn, *supra* note 3.

locked recreation room, the key to which was given to the tenants upon request. On the occasion in question a little girl, having been granted permission to use the room, left the door open, returned the key, and thereafter returned to the room without permission and was injured. We think that case is inapposite. The child in that case was on the premises at the time without permission. The case at bar falls within the ambit of the long line of cases which have repeatedly held that the landlord owes a duty of due care to all those on the premises of legal right.

Reversed and remanded.

BAZELON, Chief Judge (concurring in the result):

The rule developed in the cases cited by the majority is often explained on the theoretical basis that all persons lawfully on the premises are the landlord's invitees.[1] But in my view our decision does not depend upon adherence to the out-moded "invitee-licensee-trespasser trinity."[2] The Supreme Court,[3] several states,[4] and England[5] have all recognized that the common-law clssifications and their progeny of subclassiifcations are discordant with the realities of modern living.[6] In admiralty law the Supreme Court has replaced the trinity with a flexible standard based on the ordinary rule of negligence requiring due care under all the circumstances[7]—a concept which this court had previously adopted to replace conceptual distinctions between "degrees of care."[8] Here, in accordance with this modern authority, the landlord's duty to entrants upon common-use areas reserved to his control is better expressed in terms of "due care under all the circumstances."

1. See Landay v. Cohn, 220 Md. 24, 150 A.2d 739 (1959); Lord v. Lencshire House, Ltd., 106 U.S.App.D.C. 328, 272 F.2d 557 (1959); RESTATEMENT, TORTS 2d § 332, comment k (1965).

2. Daisey v. Colonial Parking, Inc., 118 U.S.App.D.C. 31, 33, 331 F.2d 777, 779 (1963) (opinion of this writer).

3. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 630–631, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); Jones v. United States, 362 U.S. 257, 265–267, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

4. See Taylor v. New Jersey Highway Auth., 22 N.J. 454, 126 A.2d 313, 62 A.L.R.2d 1211 (1956); Good v. Whan, 335 P.2d 911 (Okl.1959); Fernandez v. Consolidated Fisheries, 98 Cal.App.2d 91, 219 P.2d 73, 76–77 (1950); Alexander v. General Accident Fire & Life Assur. Corp., 98 So.2d 730 (La.App.1957); Scheibel v. Lipton, 156 Ohio St. 308, 102 N.E.2d 453 (1951).

5. Occupiers' Liability Act, 1957, 5 & 6 Eliz. 2, c. 31.

6. In the landlord-tenant situation, both Maryland and the District have recognized, in various contexts, that the common law's conception of a landowner's duty of care must often be adjusted to meet the needs of present-day urban life. See, e. g., Langley Park Apts., Sec. H, Inc. v. Lund, 234 Md. 402, 199 A.2d 620, 623 (1964); Sezzin v. Stark, 187 Md. 241, 49 A.2d 742, 746 (1946); Gould v. DeBeve, 117 U.S.App.D.C. 360, 330 F.2d 826 (1964); Kay v. Cain, 81 U.S.App.D.C. 24, 25, 154 F.2d 305, 306 (1946); Hanna v. Fletcher, 97 U.S.App. D.C. 310, 318, 231 F.2d 469, 477 (1956) (concurring opinion).

7. Kermarec v. Compagnie Generale Transatlantique, *supra* note 3, 358 U.S. at 631–632, 79 S.Ct. 406.

8. Hecht Co. v. Jacobsen, 86 U.S.App.D.C. 81, 180 F.2d 13 (1950). See also Daisey v. Colonial Parking, Inc., *supra* note 2, 118 U.S.App.D.C. at 33–34, 331 F.2d at 779–780.