# ELZA L. KEESLING *v.* STATE OF MARYLAND

[No. 62, September Term, 1982.]

*Decided April 8, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Weldon Leroy Maddox* for appellant.

*William J. Kobokovich, Jr.,* and *George L. Huber, Jr.,* with whom were *Stephen H. Sachs, Attorney General, Jeanne D. Hitchcock, Assistant Attorney General,* and *Huber, Lutche & Wilson* on the brief, for appellee.

RODOWSKY, J., delivered the opinion of the Court.

This case involves the two dismissals provision of Md. Rule 541.[1] The plaintiff in this action, Elza L. Keesling (Keesling), appealed from a summary judgment entered against him by the Circuit Court for Anne Arundel County in favor of the State of Maryland (the State). That judgment was premised on a determination that in each of two, separate, prior lawsuits Keesling had voluntarily dismissed the State within the meaning of Rule 541 c, so that there had been an adjudication on the merits in favor of the State. Because the second "dismissal" was not a voluntary one, we shall reverse.

---

1. Rule 541, "Dismissal — Voluntary," in relevant part, provides:

    a. *By Party.*

    Without an order of court a party may dismiss his action, claim, counterclaim, cross-claim or third-party claim as to any other party only:

    1. Before Evidence Taken.

    By filing a notice of dismissal at any time before the introduction of any evidence at the trial or hearing; or

Keesling is suing the State for damages for personal injuries alleged to have been suffered as a result of a highspeed chase on August 1, 1972 which we discussed previously in *Keesling v. State,* 288 Md. 579, 420 A.2d 261 (1980) (*Keesling* I). That appeal resulted in a remand. There we held that a factual dispute prevented summary judgment for the State on the issue of

> whether the police negligently commandeered the Keesling vehicle and thereby forced him to participate in the apprehension of persons who had committed a crime and whether the Keesling vehicle was forced to participate in a roadblock. [*Id.* at 590, 420 A.2d at 267.]

We noted that the State had also sought summary judgment on the basis of Rule 541 c. Because neither the trial court nor the Court of Special Appeals had decided the applicability of Rule 541 c, and because the State had not presented the issue to us in a cross-petition for certiorari under Rule 813, the Rule 541 c issue was not before us on the earlier appeal. It is now squarely presented.

The facts involve three lawsuits, each of which was brought in a different court.

---

2. Stipulation.

By filing a stipulation of dismissal signed by all parties who have appeared in the action.

b. *By Court Order.*

Except as provided in section a hereof voluntary dismissal shall be allowed only upon order of court and upon such terms and conditions as the court deems proper . . . .

c. *Effect.*

Unless otherwise specified in the notice of dismissal, stipulation, or order of court, a dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a party who has previously dismissed in any court of any state or of the United States an action based on or including the same claim.

. . . .

e. *Application.*

"Dismiss" or "dismissal" includes submission to a voluntary judgment of *non pros* or nonsuit or other voluntary discontinuance.

(Federal Court action)

Keesling filed a Complaint in the United States District Court for the District of Maryland on November 6, 1973 based on the August 1, 1972 occurrence. The defendants included the State. On May 20, 1974 the federal court, at Keesling's request, dismissed the complaint as to all parties defendant without prejudice. We shall assume that the federal court action was based on, or included the same claim as that which the State asserts was later again dismissed in the second lawsuit.

(Baltimore action)

On July 5, 1974, Keesling filed in the then Superior Court of Baltimore City [2] a two count declaration claiming jointly against the State and others. Count No. 1 was founded on Md. Code (1957, 1970 Repl. Vol.), Art. 66½, § 9-102.[3] We shall call this the "commandeering" theory of liability. Count No. 2 was grounded on false arrest-false imprisonment. After preliminary sparring, the State demurred to the entire declaration as particularized. On May 12, 1975 that demurrer was sustained with leave to amend.

Keesling filed a first amended declaration in the Baltimore action on June 11, 1975. This amended declaration, while adding some additional parties and dropping one former party, retained all of the other previously sued defendants including the State. However, the first amended declaration contained only one count based on false arrest and false imprisonment. No allegations of commandeering were made. The State reasserted its previously raised defense of sovereign immunity and prevailed. Judgment in favor of the State was entered on the

---

2. Now the Circuit Court for Baltimore City.

3. The statute is reproduced in full in *Keesling* I, 288 Md. at 583-85, 420 A.2d at 263-64. It provides, under certain circumstances, for damages to a citizen who is injured as a consequence of the police having commandeered his motor vehicle to apprehend suspected criminals.

docket on September 17, 1975. That same day demurrers filed by the remaining defendants were sustained with leave to amend.

A second amended declaration in the Baltimore action was filed on October 2, 1975. Allegations of false arrest and of false imprisonment were presented in separate counts. The State was not named as a defendant in the second amended declaration. The new pleading made no reference to either of the prior declarations. It contained the commencement and ending usually found in original declarations, and it included a demand for jury trial. This second amended declaration furnished the second prong used by the Circuit Court for Anne Arundel County in its application of the two dismissals rule.

The Baltimore action moved on against the remaining defendants through a third amended declaration. The action was ultimately stayed by order of court, until the disposition of the third lawsuit described below.

(Anne Arundel action)

Keesling instituted an action in the Circuit Court for Anne Arundel County on May 12, 1975, the same day on which the State's demurrer to the original declaration in the Baltimore action was sustained with leave to amend. The defendants originally named in the Anne Arundel action included the State. That declaration consisted of one count which asserted the commandeering theory. Thus, when Keesling filed his first amended declaration in the Baltimore action, he was pleading false arrest and false imprisonment against the State in Baltimore, while he was suing the State in the Anne Arundel action on the commandeering theory which had been raised in the original Baltimore declaration but which was not included in the first amended declaration there.

In the Anne Arundel action, by virtue of a first amended declaration which omitted some of the original defendants, and as a result of certain determinations by the circuit court,

the sole remaining defendant is the State. In September 1977 the State moved for summary judgment and argued that (a) the undisputed facts in this case did not give rise to a cause of action under Art. 66½, § 9-102; (b) the State was immune from suit; and (c) the action was barred because of the effect of Rule 541 c. The trial court's grant of this motion on the first point gave rise to *Keesling* I.

After remand under the mandate in *Keesling* I, the State requested a further hearing on this same motion for summary judgment. The motion was granted on the basis of Rule 541 c, because the court found that Keesling's

> Second Amended Complaint filed in the Superior Court of Baltimore City . . . dismissed the State . . . as a party defendant [and thereby] constituted a second voluntary dismissal as to the State. Pursuant to Maryland Rule 541(c) this second dismissal operated as an adjudication upon the merits which now bars Plaintiff's current suit against the State.

Keesling again appealed to the Court of Special Appeals. It affirmed with an unreported opinion which adopted the opinion of the trial court. We then granted Keesling's application for a writ of certiorari.

The trial court viewed the effect of Keesling's second amended declaration as governed by the rule that an amended declaration, which makes no reference to the prior declaration, is a pleading *de novo*. Ordinarily the new pleading withdraws from the case the prior pleading for which the new pleading is substituted.[4] The trial court

---

4. *See* Shapiro v. Sherwood, 254 Md. 235, 238, 254 A.2d 357, 359 (1969) ("[W]hen leave is granted to amend a declaration . . . by filing an amended declaration, the original declaration must be regarded as having been withdrawn."); Landay v. Cohn, 220 Md. 24, 27, 150 A.2d 739, 740 (1959) (amended declaration which contains "the usual formal commencement and ending and [which] is complete in itself . . . [is] intended as a substitute for that, or those, which preceded it."); Produce Exchange v. Express Co., 147 Md. 424, 435, 128 A. 403, 407-408 (1925) (amended declaration which contains the usual formal commencement and ending and which is complete within itself is a *de novo* pleading having the effect of withdrawing previous declaration); Ellinger v. Baltimore City, 90 Md. 696, 699, 45 A. 884, 885

reasoned that omitting as a defendant in an amended declaration a party who had been sued in the immediately preceding declaration constituted a voluntary discontinuance.[5] That analysis, however, does not properly apply to Keesling's second amended declaration in the Baltimore action.

In his first amended declaration Keesling had continued to sue the State by relying on false arrest and false imprisonment. The Baltimore court, on motion by the State, ruled for the State as a matter of law under the doctrine of sovereign immunity. Judgment was entered in favor of the State based on that ruling.[6] Faced with a judgment against him, Keesling could not reiterate his allegations that the State was responsible in damages to him for false imprisonment or false arrest. His recourse was either to

---

(1900) ("[A]mendment by way of the 'amended declaration' was pleading *de novo* which withdraws from the case the pleadings for which the new pleading is substituted."); 2 Poe, *Pleading and Practice* § 189 (Tiffany Ed. 1925). Any rulings which may have been made with respect to the earlier declarations are not reviewable on appeal. *Compare* Landay v. Cohn, *supra* (rulings on demurrers to first three declarations are not before court on appeal from a demurrer to fourth declaration); Produce Exchange v. Express Co., *supra* (ruling of lower court sustaining demurrer to *original* declaration is not open to review when case proceeded on amended declaration); and Ellinger v. Baltimore City, *supra; with* Baltimore v. Maryland Pavement Co., 130 Md. 454, 459-60, 100 A. 770, 772 (1917) (when plaintiff amends declaration by filing an additional count after a demurrer has been sustained, the amendment is not a pleading *de novo,* but rather a necessary part of the previous pleading; therefore ruling of court on demurrer is reviewable on appeal).

5. In this regard the trial court cited Friedman v. Washburn Co., 145 F.2d 715 (7th Cir. 1944). In a prior action the plaintiff there had sued defendants A, B and C and then voluntarily dismissed as to all. In the later action, involved in the appeal, plaintiff had again sued A, B and C but, by an amended declaration, had dropped B and C as defendants and pursued the claim only against A. It was argued by A that this constituted an adjudication on the merits in favor of A under Fed. R. Civ. P. 41(a)(1) which, like Md. Rule 541 c, provides in part that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." The Seventh Circuit said that it did "not agree with [A's] contention that the action here taken constitutes a dismissal as to it, even though [B and C] would be protected by the rule from further suit on the same claim." *Id.* at 719. We express no opinion on the validity of this analysis or on its applicability under Md. Rule 541.

6. Because there were other parties defendant in the Baltimore action, the judgment there in favor of the State was not a final judgment. An application by the State in the Baltimore action to certify that judgment as final for immediate appeal was refused.

obtain certification of that judgment as final under Md. Rule 605 a or to await the entry of final judgment before seeking a reversal as to the State on appeal or cross-appeal. Alternatively, Keesling might have applied to the Baltimore court to reconsider its ruling and to strike the interlocutory judgment in the State's favor. But in any event, it would have been improper for Keesling, in his second amended declaration, to plead directly contrary to the Baltimore court's judgment. Under these circumstances, the omission of the State as a defendant in the second amended declaration in the Baltimore action was not a *voluntary* discontinuance. Because it was not voluntary, it does not trigger the operation of Rule 541 c.

In the few decisions which have addressed somewhat analogous problems, it has been held that dismissals by court order, under circumstances presenting a stronger argument for voluntariness than those presented here, did not fall within a two dismissals rule. *Hughes Supply, Inc. v. Friendly City Electric Fixture Co.,* 338 F.2d 329 (5th Cir. 1964) involved a defendant which in an earlier state court action had moved to dismiss for lack of venue. The plaintiff filed an admission of improper venue, and the state court dismissed the action for that reason. A second state court action ended by a voluntary notice of dismissal filed by the plaintiff. In the third action, the federal court refused to construe the termination of the first lawsuit as a voluntary dismissal under Fed. R. Civ. P. 41 (a) (1). *See also Davis v. Holder,* 568 S.W.2d 565 (Mo. App. 1978) (prior dismissal by order of court for want of prosecution is not a voluntary dismissal by plaintiff within Missouri's two dismissals rule).

The Circuit Court for Anne Arundel County sought in its opinion to meet the foregoing analysis by stating:

While the Plaintiff's deletion of the State might be termed "involuntary" from the point of view that he was foreclosed from pursuing the State on theories of false arrest and false imprisonment, the Plaintiff was not barred from naming the State as a party

defendant based on other alternative legal theories for which the State might not enjoy immunity.

In its brief the State suggests that Keesling should have included allegations of commandeering against the State in his second amended declaration in the Baltimore action in order to avoid a second voluntary dismissal under Rule 541 c. There is no such rule of pleading or practice. The decision on the immunity issue was preserved for possible appellate review by the interlocutory judgment adverse to Keesling. He was not required to plead additional or alternative matters against the State in his next amended declaration in order to avoid abandonment of his position on the false arrest and imprisonment count. Accordingly, we reverse.

> *Judgment of the Court of Special Appeals reversed.*
>
> *Case remanded to that Court for the entry of a judgment reversing the judgment in favor of the State of Maryland entered by the Circuit Court for Anne Arundel County and remanding the case to the Circuit Court for Anne Arundel County for further proceedings.*
>
> *Costs to be paid by the State of Maryland.*