JARMAN v. WASHINGTON

[93 N.C. App. 76 (1989)]

CECIL F. JARMAN v. VELMA I. WASHINGTON AND ADDIE WASHINGTON KITTLE

No. 884SC610

(Filed 21 February 1989)

**1. Rules of Civil Procedure § 41 — involuntary dismissal — statute of limitations not extended**

The trial court's dismissal of plaintiff's action under N.C.G.S. § 1A-1, Rule 41(b) which did not specify additional time within which a second action could be commenced did not extend the applicable statute of limitations; however, because defendants did not plead or otherwise raise the defense of the statute of limitations in the court below or raise it on appeal, the defense is waived.

**2. Rules of Civil Procedure § 41.1 — first dismissal involuntary — second dismissal voluntary — second dismissal no adjudication on merits**

Where plaintiff's first action was dismissed by court order for failure to comply with the Rules of Civil Procedure, such dismissal was authorized by Rule 41(b) and was involuntary; therefore, plaintiff's second dismissal, which was made pursuant to Rule 41(a) and was voluntary, did not operate as an adjudication on the merits, since the provision of that rule that a notice of dismissal operates as an adjudication on the merits "when filed by a plaintiff who has once dismissed" an action based upon the same claim means that a plaintiff may not bring an action which twice has been dismissed *voluntarily*.

APPEAL by plaintiff from *Tillery (Bradford), Judge*. Order entered 15 February 1988 in Superior Court, ONSLOW County. Heard in the Court of Appeals 11 January 1989.

Plaintiff instituted this personal injury action by filing a complaint on 27 November 1985. The complaint alleged that, on 1 December 1982, plaintiff was struck by an automobile owned by defendant Kittle and being driven by defendant Washington. At the 6 October 1986 civil session of Onslow County Superior Court, the trial judge ordered plaintiff's action dismissed without prejudice for plaintiff's counsel's failure to file a pre-trial order in accordance with the Rules of Civil Procedure. (This order was signed 30 October 1986 and filed 4 November 1986.)

Plaintiff reinstituted the action by filing a second complaint on 7 October 1986. On 1 September 1987, plaintiff voluntarily dismissed the second action by filing a notice of dismissal. Plaintiff then filed a third complaint on 3 September 1987. Defendants failed to answer the third complaint, and judgment of default was entered against defendants on 20 October 1987. The trial court entered an order setting aside the entry of default on 19 January 1988.

Defendants moved to dismiss the third action on the grounds that, pursuant to Rule 41 of the N.C. Rules of Civil Procedure, plaintiff's dismissal of the second action operated as an adjudication on the merits. The trial court granted defendants' motion in an order entered 15 February 1988. From the order dismissing his complaint, plaintiff appeals.

*Popkin and Associates, by Samuel S. Popkin, for plaintiff-appellant.*

*Hamilton, Bailey, Way & Brothers, by Harvey Hamilton, Jr. and Catherine E. Brothers, for defendant-appellees.*

PARKER, Judge.

The sole issue presented by this appeal is whether the trial court erred in dismissing plaintiff's action under Rule 41. For the reasons stated below, we hold that the action was not properly dismissed, and we reverse the trial court's order of 15 February 1988.

Plaintiff's first action was dismissed by court order for failure to comply with the Rules of Civil Procedure. Dismissal on these grounds is authorized by Rule 41(b) of the N.C. Rules of Civil Procedure. Rule 41(b) provides in pertinent part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule . . . operates as an adjudication on the merits. If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.

In this case, the trial court specified in the first order of dismissal that the dismissal was without prejudice. Thus, plaintiff was not precluded from prosecuting the second action. We must determine

whether plaintiff's subsequent dismissal of the second action operated as an adjudication on the merits so as to preclude plaintiff from prosecuting the third action.

[1] Before addressing the dispositive issue of this appeal, we note that the first dismissal order did not specify additional time within which a second action could be commenced. In the absence of such a specification, a dismissal under Rule 41(b) does not extend any applicable statute of limitation. *See Evans v. Chipps*, 56 N.C. App. 232, 236, 287 S.E. 2d 426, 428-29 (1982). Defendants, however, did not plead or otherwise raise the defense of the statute of limitations in the court below, nor do they argue the issue on appeal. Defendants' failure to assert the defense in the trial court precludes review of the issue on appeal. *See Baer v. Davis*, 47 N.C. App. 581, 267 S.E. 2d 581, *disc. rev. denied*, 301 N.C. 85, 273 S.E. 2d 296 (1980). Therefore, our decision here is limited solely to the operation of Rule 41 without regard to whether plaintiff's action is barred by any statute of limitation.

[2] Plaintiff voluntarily dismissed the second action by filing a notice of dismissal without prejudice pursuant to Rule 41(a). The relevant portion of Rule 41(a) provides:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. . . .

Defendants contend that the trial court correctly ruled that, under the above provision, plaintiff's second dismissal operated as an adjudication on the merits. We disagree.

It is not disputed that all three of plaintiff's actions are based on the same claim. The dismissal of the first action, however, was not a voluntary dismissal under Rule 41(a) but an involuntary dismissal pursuant to Rule 41(b). Rule 41(a) provides that a notice of dismissal operates as an adjudication on the merits "when filed by a plaintiff who has once dismissed" an action based upon the same claim. The clear meaning of this provision is that a plaintiff may not bring an action which twice has been dismissed voluntarily. Because the dismissal of plaintiff's first action was involuntary, the provision does not apply in this case.

We are not unmindful of defendants' arguments based on the policy behind the "second dismissal" rule, which is to prevent a plaintiff's abuse of the right to voluntarily dismiss and reinstitute an action. *See* Comment to Rule 41, N.C. Rules App. Proc.; *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F. 2d 1012, 1017 (2d Cir. 1976) (construing Federal Rule 41(a) ). Policy must yield, however, to the clear terms of Rule 41(a). In a somewhat analogous case, this Court held that the "second dismissal" rule did not apply where the second voluntary dismissal was accomplished by court order because Rule 41(a) provides that only a second dismissal by notice shall operate as an adjudication on the merits. *Parrish v. Uzzell*, 41 N.C. App. 479, 255 S.E. 2d 219 (1979). In addition, the policy behind the "second dismissal" rule is not as compelling where the first dismissal was not a unilateral act on the part of the plaintiff. *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F. 2d at 1017-18 (rule not applicable where first dismissal was by stipulation of the parties). Finally, we note that courts in other jurisdictions with rules similar to North Carolina Rule 41(a) have refused to apply the "second dismissal" rule where the first dismissal was involuntary. *Hughes Supply, Inc. v. Friendly City Elec. Fixture Co.*, 338 F. 2d 329 (5th Cir. 1964); *Keesling v. State*, 295 Md. 722, 458 A. 2d 435 (1983); *Norris v. Johnson*, 599 S.W. 2d 90 (Mo. Ct. App. 1980).

Accordingly, the trial court's order dismissing plaintiff's third action is reversed and the case is remanded for further proceedings.

Reversed and remanded.

Judges EAGLES and LEWIS concur.