■ JAMES B. A. LOGAN, SR., Individually and as Natural Guardian of JAMES B. A. LOGAN, JR., an Infant, et al., Respondents, v. ANDREW ESTERLY et al., Appellants, and CITY OF NEW YORK, Respondent-Appellant.— In a negligence action to recover damages for personal injuries sustained by the two infant plaintiffs and for medical expenses, etc., of the fathers of said infants, defendants appeal from respective portions of an interlocutory judgment of the Supreme Court, Richmond County, dated February 19, 1970 and made after a jury trial upon the issues of liability only, as follows: (1) Defendants Esterly appeal, as limited by their brief, from so much of the judgment as is against them and in favor of all plaintiffs, upon the jury verdict; (2) defendants Gull Contracting Co., Inc., and Mac Asphalt Construction Corp. appeal, as limited by their brief, from so much of the judgment as is against them and in favor of all plaintiffs, upon the jury verdict, and as is against them upon the cross claims of defendant City of New York, upon the trial court's decision; and (3) defendant City of New York appeals from so much of the judgment as is against it and in favor of the infant plaintiffs, upon the jury verdict. Interlocutory judgment affirmed insofar as appealed from, with one bill of costs to plaintiffs James B. A. Logan, Jr. and Celeste De Angelo against defendants appearing separately and filing separate briefs. There was ample evidence of negligent operation of the vehicle by defendant Charles Esterly, i.e., his own testimony that he exceeded the 35 miles per hour posted speed limit in the area as testified to by Mr. Larsen, project engineer for defendant Gull; his knowledge, predicated upon previous travel on the road, of the uneven and

bumpy condition of the road surface created by the operations of the defendant Gull; his knowledge of the contour of Drumgoole Boulevard at the point of the accident, with its decline in grade and curve to the left; and his knowledge of the wet and slippery condition of the roadway resulting from the heavy rainfall at the time upon the fill left upon the roadway during the operations of defendant Gull. While not decisive, it is noted, incidentally, that an issue of fact existed as to whether the infant plaintiffs even had prior knowledge that the defendant driver only possessed a learner's permit. In this posture, we believe the request to charge the assumption of risk doctrine should have included the qualification that the jury preliminarily find as a fact that the infant plaintiffs had knowledge that the defendant driver only possessed a learner's permit. Without such qualification, the request to charge was properly denied. Additionally, we think that the request of the defendant city to charge the application of the assumption of risk rule was improper without the inclusion of the contingency that the driver's lack of skill and experience was the sole cause of the accident; and was properly denied. We believe that the trial court was correct in refusing to charge as requested that an obligation rested upon the plaintiff passengers to insist that the driver stop the car and allow them to alight; and feel it was not required under the circumstances shown. The trial court's charge, in our opinion, was adequate on the question of contributory negligence. Our dissenting brethren have predicated their dissent on the ground of the refusal of the trial court to charge the jury that a licensed operator accompanying a driver who has a learner's permit "assumes the risk" of injury resulting from an accident caused by the driver's lack of skill and experience. The authorities cited in their memorandum are, in our view, distinguishable in that in those cases the driver's lack of skill and experience was either the sole cause of the accident or the plaintiff was a teacher or instructor. That is not the situation at bar, where the proof clearly establishes that neither plaintiff-passenger was an instructor and that the proximate cause of the accident was such negligence as could be imputed to an adult driver of some experience, rather than to the driver's lack of skill and experience. Rabin, P. J., Hopkins and Brennan, JJ., concur; Christ and Benjamin, JJ., dissent and vote to reverse the interlocutory judgment and to grant a new trial, with the following memorandum: The trial court erred in refusing to charge the jury that a licensed operator accompanying a driver who has a learner's permit "assumes the risk" of injury resulting from an accident caused by the driver's lack of skill and experience (*Spellman* v. *Spellman*, 309 N. Y. 663; *St. Denis* v. *Skidmore*, 14 A D 2d 981, affd. 12 N Y 2d 901; *Le Fleur* v. *Vergilia*, 280 App. Div. 1035). The following request to charge was made and denied: "Your Honor, I except to that portion of your charge where your Honor did not relate that if the passengers here discovered that Esterly was driving his automobile at an excessive rate of speed, and had an opportunity to insist that the said defendant desist from operating his auto at such dangerous and excessive rate of speed, or to insist that the defendant stop the auto and allow the plaintiffs to alight, and plaintiffs failed to do so and sat by without protest and permitted themselves to be driven at this excessive and dangerous rate of speed, and by that reason they were injured, they must find for the defendant. The Court: That is a request to charge rather than an exception. Mr. Garavente: I will withdraw it as an exception, your Honor. The Court: I will decline to so charge." Upon the evidence in this case this charge was appropriate and should have been made.